1837.

Lyon
v.
Merritt.

Lyon and others *vs.* Merritt & Dyckman.

The chancellor has no power to rehear or modify an order or decree which has been affirmed upon an appeal to the court for the correction of errors, upon the same point as to which the rehearing or modification is sought; unless such right to alter or modify was reserved in the original order or decree, or in the decree of affirmance.

April 18.

After the making of the decretal order in this case, as reported in 5 *Paige's Rep.* 125, the defendants L. Merritt and J. G. Dyckman appealed to the court for the correction of errors, where the decree of the chancellor was affirmed. The defendants afterwards applied to the chancellor, upon new affidavits, to alter or modify that part of the decretal order which directed the note in question to be delivered up and cancelled.

*M. T. Reynolds,* for the motion.

*W. Silliman,* in opposition thereto.

The Chancellor. The question as to the delivery up of the note is *res adjudicatur* between these parties ; that part of the decretal order having been appealed from and affirmed by the court of dernier resort. Where an order or decree which is appealed from does not reserve the right to apply for a modification thereof upon a new state of facts, in the nature of a rehearing, the appellant upon an affirmance of the order or decree must, if he wishes the question reheard in the court below upon a new state of facts, ask of the appellate court that the affirmance may be without prejudice to his right to apply to the court below for a rehearing and modification of the decree or order so affirmed.

The application of the defendants must therefore be denied, with costs.