# CHARLESTOWN.

## POOLE *v.* DILWORTH *et al.*

Submitted June 13, 1885.—Decided September 26, 1885.

| 26 | 583 |
| 36 | 98 |
| 26 | 583 |
| 38 | 715 |
| 26 | 583 |
| 39 | 740 |
| 26 | 583 |
| 43 | 27 |
| 26 | 583 |
| f49 | 132 |
| 49 | 475 |
| 26 | 583 |
| 51 | 196 |
| 26 | 583 |
| 61 | 135 |

1. Under ch. 8 of Acts of 1881 the pleadings in a civil action before a justice may be oral or in writing, and if oral, there should be entered on the justice's docket a brief statement of the contents of such pleadings (§50 and §179); and if an appeal is taken, new or amended pleadings in writing may, if substantial justice requires it, be filed in the circuit court, or the case may be tried on the pleadings before the justice or, when oral, on the brief note of their contents on the justice's docket. But whether written pleadings be filed before the justice or in the circuit court, they need not be of any particular form but must be such as to enable a person of common understanding to know what was intended. (p. 585.)

2. Either party plaintiff or defendant is estopped from alleging in a suit at common law or in chancery anything inconsistent with any point, which has been before adjudicated by a court of either common law or chancery of competent jurisdiction; and the conclusiveness of any judgment or decree extends beyond what may appear on the face of the judgment or decree to every point, which was at issue and determined in the course of the proceedings. (p. 586.)

3. A decision upon a demurrer, though it be but a decree dismissing the plaintiff's bill, will be conclusive of every matter whether specially stated in the bill or or not, provided it is clear, that such matter was necessarily in controversy in the suit and was decided in it, otherwise such decree will not be conclusive of such matter. (p. 593.)

GREEN, JUDGE, furnishes the following statement of the case :

In April, 1882, Patrick F. Poole warranted John Dilworth and John J. Dilworth before a justice of Taylor county on a bond for $250.00, dated May 14, 1873, payable to Eliza A. M. Litzinger and James Rogers on October 1, 1874, with interest from its date, which bond to the extent of the Interest of Mrs. Eliza A. M. Litzinger in it was assigned to James Rogers for a valuable consideration on May 26, 1873, and on June 3, 1873, was assigned for a valuable consideration to the plaintiff, Patrick F. Poole.   These assignments were made by endorsements on this bond.   It is not claimed that any portion of the bond was ever paid to any one, the whole of it still being unpaid.   The summons was returned, served on John Dilworth and John J. Dilworth was not found.   On June 3, 1882, the justice rendered a judgment against John Dilworth for $365.00 and $295.00 costs.   John Dilworth failing to obtain an appeal in the time allowed by law on petition. (sworn to) showing good cause, why he had not obtained such an appeal was awarded an appeal by an order of the circuit court of Taylor made on August 2, 1882.   The order granting this appeal states, that the petition for it was accompanied by the appeal-bond signed by him with Adolphus Armstrong as his security in the penalty of $750.00 conditioned according to law.

The defendant, Dilworth, filed a plea in writing to the effect that the plaintiff, Poole, instituted in the circuit court of Taylor county his certain suit in chancery against the defendants, John Dilworth, James Rogers, John J. Dilworth, Eliza A. M. Litzinger, Thomas B. Bartlett and Dennis A. Litzinger for the purpose of enforcing against the defendants John Dilworth and John J. Dilworth the single bill warranted upon, assigned as above stated, to which said defendants, John Dilworth and John J. Dilworth, demurred; that on November 15, 1881, the said court heard said cause on its merits and sustained said demurrer and dismissed said suit with costs ; that the cause of action in this appeal-case is the same cause of action decided in said chancery-suit; whereupon the defendant John Dilworth prays judgment if the plaintiff ought to be permitted contrary to said decree in said chancery suit to maintain this action against him.

To this plea the plaintiff, Poole, replied generally, and issue was joined upon it; and the parties waiving the right to have a jury, the court on March 27, 1884, proceeded to hear and determine the whole matter of law and fact and to give judgment accordingly. Thereupon the plaintiff to maintain his action gave in evidence his bonds above described and the assignments aforesaid, the transcript of the proceedings before the justice and the appeal-bond given by John Dilworth and Adolphus Armstrong; and the defendant gave in evidence the record of the proceedings had in said circuit court on the chancery-rule in the cause of *Dennis A. Litzinger and Eliza A. M. Litzinger his wife* v. *John Dilworth, John J. Dilworth and James Rogers;* and in the cause of *J. W. Mason, Commissioner, &c.,* v. *Thomas Bartlett, &c.,* and also the petition or more properly bill of Patrick F. Poole against John Dilworth and others named in said plea. This being all the evidence, the court rendered judgment in favor of the plaintiff, Patrick F. Poole, against the defendant, John Dilworth, and his surety, Adolphus Armstrong, for the sum of $390.00 with interest at the rate of ten *per cent. per annum* from August 2, 1882, until paid, and the costs of this appeal, to which action of the court in rendering said judgment the defendants, John Dilworth and Adolphus Armstrong, excepted, and the court signed a bill of exceptions, in which all of said evidence at said trial was set out at length. The substance of these chancery causes and a statement of the proceedings in them, so far as they bear upon this case, will be given in the opinion.

From this judgment of the circuit court a writ of error and *supersedeas* was awarded by a judge of this Court on the petition of John Dilworth and Adolphus Armstrong.

*Martin & Woods* for plaintiff in error.

*James Morrow, Jr.,* for defendant in error.

GREEN, JUDGE:

The first error assigned by the plaintiffs in error is, that the case was in no condition for trial, when it was tried by the circuit court, as no issue had been properly made up. Sec. 50, ch. 8 of the Acts of 1881 provides, that in justices'

courts the pleadings may be oral or in writing; if oral, the substance of them shall be entered by the justice in the docket; and it further provides, that "such pleadings are not required to be in any particular form, but must be such as to enable a person of common understanding to know what was intended." Section 169 of the same chapter provides, that when an appeal from the judgment of a justice has been taken, "the appeal may be tried upon the pleadings made up in the justice's court or the pleadings may be amended before or during the trial of the appeal, when substantial justice will be promoted by the amendment."

In this case the justice failed to enter on his docket the substance of the pleadings of the parties, as he should have done. The entry on his docket was simply: "Pleadings made up and filed." But no pleadings in writing appear to have been in fact filed, so that it was very proper in this cause for the circuit court to permit the defendant to put in his plea in defence in the circuit court. It is obvious, that these pleadings in the circuit court, when it allows them to be filed, need not be in any particular form but need simply be such as to enable a person of common understanding to know what was intended; for when the pleadings are in writing before the justice, this is all that is required; and upon pleadings in this form filed before the justice the case is usually tried in the circuit court; and if amended pleas can be filed in the circuit court, it would seem clearly, that they need not be any more formal than those filed before the justice.

This being the case, we need not look critically into the plea filed by the defendant in the circuit court. It was in substance, that the matters in controversy had already been adjudicated and decided against the plaintiff in a certain chancery-suit specified. This plea was certainly sufficient to enable a person of common understanding to know, what was intended to be relied upon as a defence by the defendant; and this is all that was necessary. So the statement in the record, that to this "plea the plaintiff replied generally," is sufficient. This replication was certainly sufficient to enable a person of common understanding to know, what was intended, that is, that the plaintiff denied, that this

cause of action in this appeal had been adjudicated and decided against him in the decree in the chancery-suit, upon which the defendant relied as a bar to this suit.    It is a usual thing in this State to simply enter on the record-book, that the plaintiff replies generally to a special plea, when it is the purpose of the plaintiff simply to traverse each plea; and it is unusual to file such general replication in writing even in a regular action instituted in the circuit court, where the pleadings are formal and in writing; and such an entry on the record-book is sufficient in such case, if it is done instead of writing out a formal replication, and the case is tried and verdict and judgment rendered, as though such formal replication was filed.    (*Sweeney* v. *Baker et al.*, 13 W. Va. 216.) And even in suits instituted in the circuit court, if the record shows by an entry on the record-book, that a general replication is filed to a special plea, and issue is joined thereon, though no written replication appears in the record, this would be no error, for which an appellate court would reverse a judgment.    (*Sweeney* v. *Baker*, 13 W. Va. 160, point 15 of syllabus.)    Of course this Court will not reverse the judgment in this case, because there was no proper issue joined, as under our statute-law the issue was joined with all the formality necessary, and, even if objection to this mode of joining issue had been made in the circuit court, it could in an appeal-case from a justice properly have disregarded such objection.

The second and third errors assigned by the plaintiff in error were, that the court erred in allowing the bond of $250.00, sued on, to be read on the appeal in evidence without proving its execution.    These objections to the action of the court below, made for the first time in this Court, are obviously untenable, if for no other reason for the obvious reason that this bond was permitted to be read in evidence without proof of its execution in the court below without any objection, and objection to its being read and regarded as evidence can not be made in this Court for the first time upon principles so well settled, that it is unnecessary to refer to authorities.    But in truth proof of the execution of the bond sued upon in this case could not have been demanded by the defendant in the court below, because its execution as

well as its regular transfer and ownership by the plaintiff below was expressly admitted by the plea filed by the defendant, and the issue which the court below was trying did not therefore require on the part of the plaintiff any proof of the execution of this bond or indeed even the production of the bond in evidence. The only real question in issue in the circuit court, and really, as I understand the record, the only question in controversy between the parties is : Was the decree in the chancery cause named in the defendant's plea in the circuit court an adjudication, that the plaintiff below was not entitled to a personal judgment on the bond, on which he has warranted the obligors in it, John Dilworth and John J. Dilworth, as was claimed by the defendant?

To determine this question it is necessary to examine the bill or petition, as it is improperly called, in that cause, the demurrer thereto and the decree thereon rendered by the chancery-court; but it is not necessary to consider the answer now put in by John Dilworth and John J. Dilworth, as this answer was not considered or acted upon by the chancery-court. This bill was as follows:

" To the Hon. A. B. Fleming, judge of the circuit court of Taylor county, West Virginia :

"The petition of Patrick F. Poole, plaintiff, against John Dilworth, John J. Dilworth, James Rogers, Eliza A. M. Litzinger, Thomas H. Bartlett, Dennis A. Litzinger, defendants, filed in the circuit court of Taylor county :

"Said plaintiff complains and says that on May —, 1873, the defendants Eliza A. M. Litzinger, who is the wife of defendant Dennis A. Litzinger, and the defendant James Rogers sold certain mill property situate in the county of Taylor aforesaid, near the town of Flemington, to the defendants John Dilworth and John J. Dilworth for the sum of $2,000.00 the sum of $815.59, part purchase-money, was in hand paid, and for the residue the said Dilworths executed their three several notes as follows: One note for $684.41, date May 14, 1873, due and payable October 1, 1873, with interest; also one note for $250.00 bearing same date, due and payable October 1, 1874, with interest, and one note for $250.00, same date, due and payable October 1, 1875. Plaintiff says that the said note for $250.00, due and payable on October 1,

1874, with interest, was by the defendant Eliza A. M. Litzinger, for a full and valuable consideration, assigned and transferred by her to the defendant James Rogers; that the defendant James Rogers, for a full and valuable consideration, assigned and transferred the said note to the plaintiff, who still owns and controls the same, which said transfers and assignments the defendants John and John J. Dilworth had due notice. The said note is filed herewith as Exhibit "A" as part of this bill and is a lien on said mill property sold and conveyed by said Eliza A. M. Litzinger and James Rogers to defendants Dilworths; that the said $250.00 note so assigned plaintiff is wholly unpaid.

"Plaintiff further says that on the — day of January, 1874 defendants Dennis A. Litzinger and Eliza A. M. Litzinger filed their bills in chancery in said circuit court of Taylor county against the defendants John Dilworth, John J. Dilworth and James Rogers to enforce their vendor's lien on said property against said Dilworths, the said Litzingers then holding and owning the $684.41 note and the last $250.00 note due October 1, 1875. Their deed was duly filed in the said cause conveying the property to said Dilworths. And further, that by a decree rendered in that cause the said mill property was sold by John W. Mason, commissioner, appointed to make the said sale, and purchased by defendant Thomas H. Bartlett, the said John Dilworth and John J. Dilworth signing his notes to commissioner Mason as sureties, the amount of purchase-money being $1,475.00; all of which will appear by reference to the said chancery cause, which said chancery cause is now here referred to and asked to be read and taken, together with all the papers, exhibits and orders therein made, as a part of this cause.

"Plaintiff further says that said Thomas H. Bartlett, defendant, has not paid to this day any of the said purchase-money ($1,475.00) to the said commissioner, and that afterwards, to-wit, on the — day of January, 1876, the said John W. Mason, commissioner, instituted in the circuit court of Taylor county his suit in chancery against the said Thomas H. Bartlett and John Dilworth and John J. Dilworth and at the —— term of said court recovered a decree of sale

and again sold the said mill property to defendant John
Dilworth for the sum of $450.00, executing his three notes
of $150.00 each, with Adolphus Armstrong his surety; all
of which will appear by reference to the said chancery cause
of John W. Mason, plaintiff, against the defendants, Thomas
H. Bartlett, John Dilworth and John J. Dilworth, which
said cause is referred to and asked to be read as a part of
this cause.

" Plaintiff further says that the said two chancery causes
present strange proceedings and remarkable conduct on the
part of the defendants, Bartlett and Dilworths. The property
originally purchased by the Dilworths for $2,000.00 being.
sold one and a half years later to defendant Bartlett for
$1,475.00 and sold one and a half years later than that to
defendant John Dilworth, the original purchaser, for $450.00,
no decree taken in first named chancery cause for deficiency
between the sum of $2,000.00 and interest, original purchase-
money, and the sum of $1,475.00 purchase by Thomas H.
Bartlett, and when Bartlett failed, as did also the defendants,
John and John J. Dilworth, his sureties, to pay to commis-
sioner Mason his said notes, the property was again sold to
John Dilworth for $450.00 and no decree taken over against
Thomas H. Bartlett for the difference between $1,475.00 and
interest and the sum of $450.00, Dilworth's last purchase, not-
withstanding the papers and proceedings in the said chancery
causes showed that plaintiff owned and held the note of
$250.00 of said Dilworth's to Rogers and Eliza A. M. Lit-
zinger which was and is a lien and second in priority and is
wholly unpaid.

" Plaintiff further says, that he filed a petition in said last
named chancery cause, setting up his claim and rights, as
will fully appear, yet the same was wholly ignored and disre-
garded ; plaintiff therefore prays that his rights may be fully
protected and the lien retained to secure his note be enforced,
either against the property or against the purchaser, Thomas
H. Bartlett, and his sureties, who have failed to pay the pur-
chase-money ; and such other further and general relief as
the court may see fit to grant, &c."

The demurrer is as follows :

" The defendant John J. Dilworth demurs to plaintiff's

petition, and for cause of demurrer says that it appears by the petition and its exhibits that the said mill property that petitioner now seeks to sell to pay the vendor's lien for the $250.00 note, has been sold to pay the lien and the sale confirmed by the decree of this Court in the Litzinger suit, and that the property sold for enough to pay the lien, and that enough of the sale-money to pay the note is now in the hands of John W. Mason, the commissioner of the sale, and is now in and under the control of this Court; therefore the demurrant says that it appears by the petition that he has paid said $250.00 note and its interest, and that therefore the petition should be dismissed, with costs to him against petitioner.

"And for other and further cause of demurrer, demurrant says, that it appears by the petition that said $250,00 note and petitioner's present claim for its payment were set up and presented to this Court by petitioner in his petition filed in the chancery suit of John W. Mason, commissioner, against Thomas H. Bartlett and these demurrants, and that this Court in that suit 'ignored' and refused petitioner,s claim and refused to decree payment of the note; and demurrant says that it does not appear by the petition that the 'ignore' refusal or decree has been reversed; wherefore demurrant says that the petition should be dismissed with costs to him against petitioner. If it was error in the decree confirming the sale in the Barlett suit to 'ignore' the petition for payment of the note and to refuse and to decree against the payment, petitioner can not by his new or present petition reverse or correct the decree, nor could do so by notice or motion. It is not, so far as it relates to petitioner, a decree on a bill taken for confessed, but it is, on his petition, filed and received as his answer to the bill and on replication to the answer, nor if error, is the error such as that after hearing on answer and replication, the decree could be amended on notice and motion. The decree, if error, can only be reversed and corrected on appeal and at the cost of petitioner or at the cost of plaintiff Mason."

The final decree in said cause was as follows:

"And at a term of said court held as aforesaid on the 15th day of November, 1881, came as well the petitioner, Patrick F. Poole, by his counsel, as the defendants, John Dilworth

and John J. Dilworth, by their counsel, and this cause came on this day to be further heard on the petition of said Poole, joint answer of said John and John J. Dilworth to the petition, replication thereto, and the demurrer of said Dilworths to the petition, and joinders in the demurrer, and on the papers and orders and proceedings in the two chancery causes, the one of Dennis A. Litzinger and Eliza A. M. Litzinger against said Dilworths and James Rogers, and the other of John W. Mason, commissioner, against Thomas H. Bartlett and Dilworths, and was argued by counsel. On consideration whereof, the court is of opinion and doth consider that the petition of petitioner Poole is not sufficient, and that the demurrer to the petition be sustained and the petition dismissed, and that the defendants John Dilworth and John J. Dilworth recover against the petitioner Poole their costs by them about their defense of said petition expended."

All that the court decided by this decree, it appears to me, was that the lien retained to pay the bond of John Dilworth and John J. Dilworth held by the plaintiff, the one sued on in the case now before us, was not a lien upon the tract of land in this bill or petition named and could not be enforced out of it, nor could it be enforced in this suit by ordering its payment out of the moneys due from the purchaser of said land, Thomas H. Bartlett, and his securities for the payment of such purchase-money. The prayer of the plaintiff's bill or petition clearly shows, that the sole object of the bill or petition was to obtain a decree of this character and not a personal decree. If the plaintiff, Patrick F. Poole, was not entitled to such a decree, he was clearly not entitled to a personal decree against John Dilworth and John J. Dilworth on the bond, which he held against them, because his proper mode of enforcing it against them, if he had lost his lien on said land, was by a suit at law; and he accordingly by his bill or petition sought no personal decree against them for the amount of his land, but the court having held, he had no such lien, as a matter of course dismissed the bill or petition at his costs, but by so doing neither decided nor intimated an opinion, that they, the Dilworths, were not liable personally for the amount of said land to the plaintiff Poole. This was obviously what the court understood by its decree; for it

afterwards permitted the plaintiff, Poole, to withdraw his bond, which he had filed with his bill, in order that he might sue on it at law and recover a judgment on it against John Dilworth and John J. Dilworth.

Though a decesion upon a demurrer be as in this case but a simple dismissal of the bill, it will be conclusive of every matter whether specifically stated in the bill or not, provided it is clear, that such matter was necessarily in controversy in the suit and was decided by it.    Yet, if as in this case it be not clear, that such matter was not necessarily in controversy in the suit, and if it be not clear, that it was decided in such suit such decision will not be conclusive of such matter.

The case of *Corrothers et al.* v. *Sargent et al.*, 20 W. Va. 356–7, is relied upon by the plaintiff below as showing that this decision is an estoppel to any recovery by the plaintiff below in the case before us.    What was held by this Court in that cause to use the language of Judge Snyder in delivering the opinion was :    "It is well settled, that a point once adjudicated by a court of competent jurisdiction, however erroneous that adjudication, may be relied upon as an estoppel in any subsequent collateral suit in the same or any other court, at law or in chancery, when either party, or the privies of either party, allege anything inconsistent with it ; and this too when the subsequent suit is upon the same or a different cause of action ; nor is it necessary that precisely the same parties were plaintiffs or defendants in the two suits ; provided the same subject-matter in controversy, between two or more of the parties, plaintiffs or defendants, to the two suits respectively, has been in the former suit directly in issue and decided.    The conclusiveness of the judgment or decree extends, beyond what may appear on its face, to every allegation which has been made on the one side and denied on the other, and was at issue and determined in the course of the proceedings.    A decision on a demurrer, which has clearly gone to the merits of the case, is an effectual bar to further litigation.    All the authorities agree, that if it appears by the record that the point in controversy was necessarily decided in the first suit, whether upon a demurrer or the facts in issue, it can not be again considered in any subsequent suit.    Big. Estop. 22 and 45 ;   *W. M. & M. Co.* v. *Virginia*

*Cannel Coal Co.*, 10 W. Va. 250; *Coville* v. *Gilman*, 13 W. Va. 314; *Beckwith* v. *Thompson;* 18 W. Va. 103; *Griffin* v. *Seymour*, 15 Iowa 30."

The difficulty in regarding the chancery-decree above set out as an estoppel in the case before us is, that the plaintiff below does not "allege anything inconsistent with this decree." The trouble is, that the question, whether John Dilworth and John J. Dilworth were personally liable on the bond held by the plaintiff and described in the bill, the bond sued on in the case before us, to the plaintiff Poole, was not at issue and was not determined in the course of the proceedings in the chancery cause. It does not appear by the chancery-record, that the point in controversy in the case now before us was necessarily decided in this chancery-cause upon the demurrer. On the contrary it seems to me clear, that this point now in controversy was not decided in the chancery cause upon the demurrer. And it is still more clear, that it was not decided or considered in either of the other two chancery-causes referred to in the bill above copied, and the proceedings in these two chancery-causes are correctly stated in the bill. These three chancery-causes are the causes, the records of which were introduced in evidence on the trial of the case now before us in the circuit court. It is of course unnecessary to state the contents of the joint answers of John Dilworth and John J. Dilworth in this last chancery cause, as it was decided only on the demurrer. But I will say that this answer does not deny the specific allegation in Poole's bill, that no part of the bond sued on in this cause had ever been paid.

For these reasons I am of opinion that the judgment of the circuit court in this case must be affirmed; that the plaintiffs in error must pay to the defendant in error, Patrick F. Poole, his costs in this Court expended and damages according to law.

AFFIRMED.