YERKES, Appellant, *v.* McHENRY, Respondent.

**Judgment — Opening — Jurisdiction.**

> Where by mistake of fact an attorney consented to the rendition of a judgment against his client for an amount in excess of what the other party was entitled to, and within sixty days after the discovery of the mistake the client applied to have the judgment vacated, and for leave to defend as to the excess, but the term had passed and more than a year from the rendition of the judgment had expired, *held*, the court could grant no relief either at common law, or under § 143, C. C. Pro., which provides that the court "may * * * in its discretion, and upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect."

(Argued and determined at the February Term, 1887.)

APPEAL from the district court, Cass county; Hon. W. B. McCONNELL, Judge.

This was an action by a mortgagee to recover possession of the mortgaged chattels, commenced the 9th day of June, 1883. The case was called for trial on the 11th day of December, 1884, and the defendant withdrew his answer, whereupon the plaintiff at that time took judgment according to the prayer of his complaint, being the ordinary judgment in claim and delivery.

On the 29th day of March, 1886, the defendant applied to the

court to have the judgment opened and for leave to answer. The application was supported by affidavits and a proposed answer. It appeared from the affidavits that several of the animals upon which the mortgage had been given had died without fault of the mortgagor prior to the commencement of the action, and also that some of the property had been stolen. The value of this property, according to the findings of the court in the original judgment of December, 1884, was $520.

The reason given for not interposing this defense before and for permitting the judgment to be taken, was presented by the following affidavit of the defendant's attorney: "M. W. Greene being first duly sworn says that he is, and was at the time of the entry of judgment in the above-entitled action, one of the attorneys for the defendant therein; that as such attorney he was, on the 11th day of December, 1884, in attendance in this court when said cause was reached for trial; that through inadvertence or mistake, the defendant and the person who had charge of this case in the office of Miller & Greene, said defendant's attorneys, had failed to inform affiant of the fact that any of the property described in the complaint had not been taken by the officer who served the papers in said action, or that any of the property described therein was dead, or had been stolen from the defendant before the commencement of this action; that the attention of this affiant had not, at that time, been called to the fact, nor did he, at that time, know that the property described in the complaint had been rebonded by said defendant; that this affiant consented to withdraw the defendant's answer, and that judgment be entered for the plaintiff, supposing and believing that the property described in said affidavit and notice in claim and delivery, and all thereof was in the possession of the plaintiff, and that a judgment for the plaintiff would simply determine his right to retain the same under the chattel mortgage described in said complaint.

"That affiant further says that he has within the last sixty days heard a full statement of the defendant's case and believes that said defendant has a good defense upon the merits to the extent of the value of the property described in his proposed answer herein."

The court made an order that the defendant's motion to open

the judgment and for leave to answer be granted unless the plaintiff within ten days consented, that the judgment be reduced $520, the value of the property lost. The plaintiff having declined to make the reduction, the defendant was let in to defend, and the trial resulted in a reduction of that amount, whereupon the plaintiff appealed, assigning error upon the action of the court in setting aside the judgment and allowing the defendant to answer.

During the periods involved there were two terms of court held a year in Cass county. Laws 1881, chap. 84, § 7, subd. 4.

*Stone & Newman,* for appellant.

The court had no power to make the order vacating the judgment, as more than one year had elapsed.

A judgment cannot be set aside after the term, except by statutory authority. Suydam v. Pitcher, 4 Cal. 280; Carpenter v. Hart, 5 id. 406; Robb v. Robb, 6 id. 21; Bell v. Thompson, 19 id. 707; Lattimer v. Ryan, 20 id. 628; Show v. McGreggor, 8 id. 522; Casement v. Ringgold, 28 id. 335; Spafford v. Janesville, 15 Wis. 474; State v. Waupaca Bank, 20 id. 640; Loomis v. Rice, 37 id. 262; Breed v. Ketchum, 51 id. 96; Freeman, § 96; Roberts v. Haggart (Dak.), 20 N. W. Rep. 656; § 143, C. C. Pro.; Jex v. Jacob, 7 Abb. N. C. 452; Hunt v. Stevens, 26 Ia. 399.

*H. F. Miller,* for respondent.

The only question is, was there an abuse of discretion? This was a discretionary order. Baldwin v. Mayor, 2 Keyes, 387; People v. R. R. Co., 29 N. Y. 418; Ramsey v. Gould, 4 Lans. 476; Hatch v. Central National Bank, 78 N. Y. 487; N. Y. Ice Co. v. N. W. Ins. Co., 23 id. 357; Dinsmore v. Adams, 5 Hun, 149; 66 N. Y. 619; White v. Coulton, 59 id. 629; Miller v. Tyler, 58 id. 477.

A party has no substantial right in matters resting in discretion. Such an order will not be reviewed unless there has clearly been an abuse of power. 4 Wait Pr. 328, 329; Ramsey v. Gould, *supra;* Miller v. Tyler, *supra;* Mead v. Mead, 2 E. D. Smith, 223; Whittaker v. Desposse, 7 Bost. 678; Howe v. Independence Co., 29 Cal. 72; Roland v. Kreyenhagen, 18 id. 455.

By the COURT:

The judgment in this case is reversed on the ground that the court erred in holding that the respondent could come into the district court after the expiration of one year, and have the judgment set aside and be permitted to defend — no such right existing at common law, and the right given by statute being limited to one year.

The cause is remanded with instructions to reinstate the former judgment entered herein.  All of the justices concur.