# CHARLESTON.

## Armstrong *v.* Poole.

Submitted January 18, 1888.—Decided February 4, 1888.

1. Res Judicata—Stare Decisis—Equity Powers.

　　Where a judgment of the Circuit Court has been affirmed by this Court, such judgment can not be impeached or set aside by a court of equity, in a suit brought for that purpose, upon any ground of error apparent upon the face of such judgment, or upon the record of the case in which it was rendered. (p. 668-9.)

2. Vendor's Lien—Marshalling Assets.

　　Where a vendor's lien is retained to secure the payment of several bonds given for the purchase-money of lands, and a judgment is obtained at law by the assignee of one of said bonds against the principal on said bond and his surety, the surety can not come into a court of equity and compel such assignee to exhaust his vendor's lien before enforcing the collection of his judgment by execution against the surety, although it is shown that the principal debtor is insolvent. (p. 669-70.)

*Martin & Woods* for appellant.

*S. P. McCormick* for appellee.

SNYDER, JUDGE:

The judgment sought to be set aside by this suit was affirmed by this Court, September 26th, 1885, in the case of *Poole* v. *Dilworth*, 26 W. Va. 583. The facts shown by the record are as follows : John Dilworth and John J. Dilworth, by their joint obligation, dated May 14th, 1873, bound themselves to pay to Eliza A. M. Litzinger and James Rogers $250.00. This bond was in June, 1873, assigned to Patrick F. Poole, who afterwards brought an action thereon before a justice of Taylor county. The summons issued against both the obligors in the bond but was served upon John Dilworth only, the return showing that the other obligor was not found. On June 3d, 1882, the justice gave judgment against the defendant, John Dilworth, for $365.00, the amount of the bond and costs. John Dilworth executed an appeal-bond, with Adolphus Armstrong as his surety, and thereupon obtained an appeal of said action to the Circuit Court of Taylor county. The case was tried *de novo* by the Circuit Court, and on March 27th, 1884, it rendered a judgment in favor of the plaintiff, Poole, against the defendant, John Dilworth, and said Armstrong, as his surety on the appeal-bond, for $390.00, with damages and costs. From this judgment the said Dilworth and Armstrong brought a writ of error to this Court, which on September 26th, 1885, affirmed the judgment of the Circuit Court, as before stated. After the judgment had thus been affirmed, Poole caused an execution to be issued thereon against said Dilworth and Armstrong. The latter paid $125.00 on the execution. Dilworth having died, Armstrong alone filed his bill in the said Circuit Court against said Patrick F. Poole, Dilworth's administrator, and others, and on December 8th, 1885, obtained an injunction thereon restraining the said Poole from collecting from the plaintiff the amount specified in said execution, or enforcing the payment of said bond of $250.00. Poole demurred to and answered the bill, and, on his motion, the court, by its decree of March 30th, 1886, dissolved the injunction; and having ascertained the amount

of the judgment enjoined, including principal, interest, damages and costs, as required by the statute, to be $429.87 as of that date, ordered an execution to issue against the plaintiff, Armstrong, for that sum and the costs of the suit. On April 7, 1886, the plaintiff moved the court to reinstate his injunction, but this motion was denied. From these two decrees the plaintiff obtained this appeal.

The plaintiff alleges two grounds in his bill for the injunction. The first is that there is not, and never was, a judgment against John Dilworth, because the bond upon which the alleged judgment was obtained is the joint bond of John and John J. Dilworth; that no valid judgment could be rendered upon such bond against one obligor alone; and that therefore the alleged judgment against John Dilworth is not in law a judgment, but a mere *cognovit actionem*, or interlocutory order, dependent upon the final judgment to be rendered for or against both the obligors in said bond. In support of this ground, the decision of this Court in *Hoffman* v. *Bircher*, 22 W. Va. 537, is cited and relied upon. In that case both the obligors were served with process, and in the opinion of the Court emphasis is given to this fact; and the plain inference therefrom is that, if the service had been only upon the defendant against whom the judgment was rendered in that case, it would have been declared a valid and final judgment. Not only is such the implied decision in that case, but such is the positive requirement of our statute, which is in these words: "Where, in an action or suit against two or more defendants, the process is served on part of them, the plaintiff may proceed to judgment as to any so served, and either discontinue it as to the others, or from time to time, as process is served as to such others, proceed to judgment as to them until judgment be obtained against all." Section 52, ch. 125, Code ; *Bank* v. *Evans*, 9 W. Va. 373; *Snyder* v. *Snyder*, Id. 415 ; *Carlon* v. *Ruffner*, 12 W. Va. 297. In the case before us, John J. Dilworth, the other joint obligor, was never served with process, and he did not appear, nor was he in any manner brought before the court. It is therefore clear, under the statute and the decisions above cited, that the judgment was legally and properly rendered against John Dilworth, the only obligor served

with process. But, aside from the conclusion just announced, the question whether this is a valid and binding judgment or not is *res judicata,* and can not be questioned or assailed upon the ground here invoked, in any court, either of inferior or appellate jurisdiction. The facts upon which this judgment is now assailed, appeared in the record, and were all before this Court at the time it affirmed said judgment. In *Campbell* v. *Campbell,* 22 Grat. 649, Moncure, J., in delivering the opinion of the Court, after reviewing all the prior Virginia cases on the subject, says, on page 669: " These decisions seem conclusively to show that after the end of the term of this Court at which a judgment or decree may be rendered by it, or, at all events, after such judgment or decree has been certified to the court below, it is too late to have the case reheard in this Court upon any ground of error, of law or fact, apparent upon the face of such judgment or decree, or of the record on which it is rendered. Whether the rule be founded on principle, or be merely a rule of practice, it is alike absolute and inflexible. Public policy, if not necessity, requires that it should be strictly enforced, even in cases of greatest individual hardship." And in the same opinion it is declared, at page 671, that " all the judgments and decrees of this Court are final, and none of them are interlocutory, at least when they ( as they almost always do) dispose of the whole case involved in the appeal, even though the appeal be from an interlocutory decree, and even though the case be remanded to the court below for further proceedings to be had therein." The doctrine announced here has been strictly adhered to and followed by this Court. *Newman* v. *Mollohan,* 10 W. Va. 488; *Hall v. Bank,* 15 W. Va. 323. There being no power or authority to review a judgment affirmed by this Court in a direct proceeding to rehear it, *a fortiori* there can be no power or right to review or set aside such judgment in a collateral suit by bill in equity in an inferior court.

The other ground for the injunction is that the plaintiff, Armstrong, is simply the surety of the two obligors in the bond upon which the judgment sought to be enjoined was recovered ; that said obligors are insolvent, and that there are funds under the control of the court to pay said judgment;

and therefore Poole, the judgment creditor, should be compelled to resort to these funds before proceeding against the plaintiff. The facts alleged in the bill to support this ground are that the bond upon which the judgment was rendered is one of several deferred payments upon a tract of land, and that there is a vendor's lien retained to secure said payments. The answer denies that there is any fund in court, or any lien or security for any part of this judgment, and refers to the record of the case of *Poole* v. *Dilworth*, which is made a part of the answer, to show that the vendor's lien mentioned in the bill can never be made available as a security for any part of the judgment here in question, and that the land has been resold, and the proceeds are insufficient to pay off the other purchase-money bonds. The record thus made a part of the answer fully sustains the averments of the answer. That such is the fact will appear from an inspection of the opinion of this Court reported as *Poole* v. *Dilworth*, 26 W. Va. 583. Not only does that opinion show that the claim of the appellant here is without merit, but it also shows that the question now under consideration is *res judicata* by the decision in that case. If, however, the allegations of the bill were admitted, they would not entitle the plaintiff to any relief. He cites and relies on the cases of *Gordon* v. *Fitzhugh*, 27 Grat. 835, and *Tingle* v. *Fisher*, 20 W. Va. 497, to maintain his claim. The latter case simply decides that, as between a prior and a subsequent assignee of a chose in action it is not necessary to the validity of the first assignment that notice should be given to the debtor, and that an assignment of the evidence of a debt carries with it the right to enforce the lien which secures it. And the case in 27 Grat. merely decides that as between the assignee of debt secured by a trust deed on land, if the proceeds of a sale of the land are insufficient to pay all the debts, the first assignee is entitled to be first paid from the proceeds. These cases, it seems to me, have very little, if any, bearing on the case at bar. If we concede that the debt for which the appellant is bound was first assigned, and that the land upon which it is alleged to be a vendor's lien is ample to pay it, still that does not affect or destroy the right of Poole, the holder of said debt, to resort to and enforce his remedy at law against his debtors

personally.   If this remedy at law proves unavailing by reason of the insolvency of his debtors, he may then resort to equity to enforce his lien, or, if he elects to do so, the creditor might resort to equity to enforce his lien in the first instance, even when a judgment at law against his debtor would be available; but whether he will pursue the one remedy or the other is entirely at the option of the creditor, and the debtor has no right to dictate the remedy which he shall pursue.   The only exception to this rule is, where a resort to equity is necessary to obtain payment of a debt, and both principal and surety are parties to the suit, the court will compel the creditor to pursue the principal debtor first, and exhaust his estate before selling the property of the surety, unless to do so will, in the opinion of the court, unduly delay the creditor in the collection of his debt.   *Bank* v. *Bates*, 20 W. Va. 211; *Horton* v. *Bond*, 28 Grat. 815.

The only new matter offered in support of the plaintiff's motion to reinstate his injunction was some testimony tending to show that John Dilworth was insolvent.   This, in the view in which we have considered the cause, was an immaterial fact, and was therefore no ground for reinstating the injunction, which had been rightly dissolved.   It is further contended that it was error to award execution against the appellant, Armstrong, alone, in the decree dissolving the injunction.   Armstrong was the only party asking for the injunction, and it was as to him alone that it was granted. It seems to me, therefore, upon a fair construction of the statute, (section 12, ch. 133, Code,) that the court did not err in awarding execution against Armstrong alone.   But if this were otherwise, according to the averments and evidence of the appellant, the estate of John Dilworth was wholly insolvent, and an execution against his administrator would be an idle form; consequently the failure to award the execution against him did not in any manner prejudice the appellant.

For the reason stated, I am therefore clearly of opinion that there is no error in the decrees appealed from, and that the same must be affirmed.

AFFIRMED.