# CHARLESTOWN.

MULLINAX v. WAYBRIGHT.

Submitted September 5, 1889.—Decided September 14, 1889.

JUSTICES OF THE PEACE—CONTINUANCE.

In an action before a justice, if the defendant, on the return day of the summons, makes oath that he has a just defence to the action, he is of right entitled to a continuance of the case for seven days ; but when he fails to make such oath, and simply moves for a continuance because he is without counsel and because of the absence of a witness, he is not entitled to a continuance, unless he shows that he has used due diligence to secure the attendance of such witness.

*G. A. Blakemore* for plaintiff in error.

*E. A. Cunningham* for defendant in error.

SNYDER, PRESIDENT :

This action was commenced on March 17, 1887, before a justice of Pendleton county by Henry Mullinax against James B. Waybright upon an account for $147.00. On the return-day of the summons, which was March 26, 1887, the plaintiff and defendant were both present, and the defendant moved for a continuance of the case, "on the grounds of being without counsel, and the absence of a witness." The justice having examined the defendant on oath, and thus ascertained that he had made no effort to obtain counsel, and had not had his witness summoned, he overruled the

said motion, and ordered the trial of the case. The defendant then stated orally, by way of plea, his denial of the plaintiff's whole claim. Then, upon the demand of the plaintiff, the case was tried by a jury, which found a verdict in favor of the plaintiff for $125.00, on which the justice entered judgment. Upon the petition of the defendant the judge of the Circuit Court awarded a writ of *certiorari* to said judgment.

The case having been thus removed to said Circuit Court, and duly docketed therein, the court, after examining the transcript of the record, and considering the errors assigned in the petition, was of opinion that there was no error in the judgment of the justice, and dismissed said petition and writ, and gave judgment against the petitioner for costs.

The defendant then obtained this writ of error.

Two grounds of error are assigned and relied on by the plaintiff in error to reverse the judgments of the justice and of the Circuit Court. The first is that the justice erred in overruling the motion for a continuance of the case, and the second is that the jury tried the case when no case had been made for it to try. There is nothing in the record to justify or sustain either of these assignments. It is claimed that under section 58 of chapter 50, Code 1887, the defendant was entitled to a continuance as of right. This is true only when he makes oath that he has a just defence to the action. The defendant made no such oath in this case, but he simply asked for a continuance under section 60 of chapter 50 of the Code, which requires him to show cause to entitle him to a continuance. The defendant wholly failed to show any ground for a continuance, and therefore the justice did not err in ruling him to trial. Upon the second assignment the record shows that the plaintiff filed his account with the justice, and that the defendant, by way of plea, denied the whole of said claim. This claim and denial raised an issue, which the jury tried. This was a sufficiently formal proceeding in a justice's court. *Todd* v. *Gates*, 20 W. Va. 464; *Poole* v. *Dilworth*, 26 W. Va. 583.

For these reasons I am opinion that there was no error in the judgment of the justice. The Circuit Court, instead of dismissing the petition and writ of *certiorari*, should have

affirmed the judgment of the justice; but, as this irregularity of the court did not in any degree prejudice the plaintiff in error, the judgment of the Circuit Court is also affirmed.

AFFIRMED.