[No. 763. Decided April 5, 1894.]

THE STATE OF WASHINGTON, *on the relation of Laura Wolferman*, v. SUPERIOR COURT OF SPOKANE COUNTY, NORMAN BUCK, JAMES Z. MOORE, AND JESSE ARTHUR, *Judges thereof*.

JUDGMENT OF SUPREME COURT — PROCEEDING IN LOWER COURT TO MODIFY — GROUNDS — PROHIBITION.

A judgment will not be vacated or modified on the ground of fraud when the only basis for such allegation is the fact that plaintiff sought for and obtained a decree of foreclosure covering all the land described in the mortgage, although a certain portion of the land had been released by the mortgagee.

Where a cause has been appealed and a judgment rendered by the appellate court, no interference therewith will be tolerated on the part of the lower court by any proceeding in the cause other than such as is directed by the appellate court.

Where a proceeding is instituted in the lower court for the purpose of vacating or modifying a judgment rendered by the supreme court on appeal, the question of the jurisdiction of the lower court is involved to such an extent that the supreme court is authorized, upon an application for a writ of prohibition, to review such proceeding and prohibit it when, in fact, it would be an unwarranted interference with such judgment.

*Original Application for Prohibition.*

*Feighan, Wells & Herman,* for relator.

*John R. McBride, J. R. Boarman,* and *J. B. Metcalfe,* for respondents.

The opinion of the court was delivered by

SCOTT, J.—The relator petitions for a writ of prohibition against the superior court of Spokane county, to prevent further proceedings in an action brought by Harry C. Bell and his wife, Belle Bell, who are the real parties in interest herein, against the relator. The matters in controversy in said action have been before this court several times on various questions. 6 Wash. 84 (32 Pac. 1017); 7 Wash. 234 (34 Pac. 930); *ante,* p. 140.

Since the last proceeding above mentioned the present action was commenced in the superior court to review and so modify the decree as to except from its operation the lands claimed to have been released. The facts set up therein are substantially the same as those disclosed in the last two prior proceedings, which were brought to obtain the same relief, but as to which no hearing was reached on the merits. While fraud is claimed, its only basis is the fact that the plaintiff sought for and obtained a decree covering the whole land as described in the mortgage. Upon objection being made, the superior court determined that it had jurisdiction to entertain the action, whereupon this application is made to us to prohibit said court from proceeding therein.

The investigation of the various questions connected herewith, some of which are only indirectly pertinent, has involved an examination into a long line of authorities, many of which are cited, or are referred to, in such citations as are given. Under these we are well satisfied that the plaintiffs in said action have not stated a cause of action

entitling them to any relief. The fraud alleged is not of
that character which a court of equity would recognize as
sufficient to warrant a vacation or modification of the judg-
ment. *Hendrickson v. Hinckley*, 17 How. 443; *Embry v.
Palmer*, 107 U. S. 3 (2 Sup. Ct. 25); *Gray v. Barton*, 62
Mich. 186 (28 N. W. 813); Hayne, New Trial and Ap-
peal, § 340; *Phillips v. Negley*, 117 U. S. 665 (6 Sup. Ct.
901); *Brooks v. O'Hara*, 8 Fed. 529; *Knox Co. v. Harsh-
man*, 133 U. S. 152 (10 Sup. Ct. 257).

The proposition that where a cause has been appealed
and a judgment rendered by the appellate court no inter-
ference therewith will be tolerated on the part of the lower
court by any proceeding in the cause other than such as is
directed by the higher court is well sustained by the au-
thorities. *Ex parte Dubuque & Pacific R. R.*, 1 Wall. 69;
*Abrams v. Lee*, 14 Ill. 167; *Armstrong v. Poole*, 30 W. Va.
666 (5 S. E. 257). And see: *Gelston v. Codwise*, 1 John.
Ch. 189; *Greene v. Greene*, 2 Gray, 361; Elliott, Appellate
Proc., §§ 562, 576, 578–580, 585. Some of the cases hold
that a proceeding like this, in the nature of a bill of review,
can only be brought after obtaining permission of the ap-
pellate court. *Stafford v. Bryan*, 2 Paige Ch. 45; *Lyon
v. Merritt*, 6 Paige Ch. 473; *Southard v. Russell*, 16 How.
547–570; *Ryerson v. Eldred*, 18 Mich. 491; *Kimberly v.
Arms*, 40 Fed. 549.

If we were to follow these authorities, it seems as though
it would follow that, where a case is presented sufficient in
our judgment to warrant it, we should grant permission to
a party to institute such a proceeding in the lower court,
even after the lapse of the time for filing a petition for re-
hearing, or perhaps after the lapse of the statutory time of
one year, unless such time is to govern in all cases, and
upon this point the authorities are conflicting. See Free-
man on Judgments, §§ 105, 489, 497; *Murchison v. White*,
54 Tex. 78; *Ladd v. Stevenson*, 112 N. Y. 325 (19 N. E.

842); *Yerkes v. McHenry*, 6 Dak. 5 (50 N. W. 485). Otherwise the effect would be to deprive a party from proceeding after that time. There would be no other mode provided for the investigation, for this not being a court of original jurisdiction, or constituted to try such questions, could not entertain such an action itself. But we do not find it necessary to pass upon or consider that question further at this time.

The provisions of the code ( §§ 221 and 1393, Code Proc.) have a very broad scope, if they do not cover all possible grounds for obtaining relief from judgments, where the proceedings are instituted in the manner and within the time specified, and it is very questionable, at least, whether the plaintiffs have stated enough to have entitled them to any relief under any of said provisions, had they moved thereunder. They have certainly failed to do so at this late day in the action last commenced.

We are of the opinion that the jurisdiction of the lower court is involved in a case like this to the extent that we may look into the cause of action there set up, when we are applied to for a writ of prohibition, and that we should do so, as it is necessary for the due protection and enforcement of the powers vested in this court by the constitution. The remedy by appeal, owing to delay and the possibility of so having to contend with suit after suit, neither affords a party a speedy nor adequate one. See *State, ex rel. Cummings, v. Superior Court*, 5 Wash. 518 (32 Pac. 457); *Kirby v. Superior Court*, 68 Cal. 604 (10 Pac. 119); High, Extr. Leg. Rem., §781. And should it appear from such investigation that the suit or proceeding sought to be prohibited is in fact an unwarranted interference with a judgment rendered by this court, we may and should grant the writ, and the proposition may still hold good, or at least be left an open question, that an action may be instituted in the lower court to vacate a

judgment rendered in this court, upon sufficient grounds. So construing the law, the objection that if proceedings may be so instituted to review a final judgment rendered by this court, that litigation would in effect be interminable, and proceeding upon proceeding could be instituted, would be practically avoided, and the practice would be very similar to that of first requiring permission from this court in all cases.

We are of the opinion that this is a case where the writ should issue prohibiting further proceedings in said action, other than the dismissal thereof with costs against the plaintiffs, and it is so directed. The relator will recover her costs herein of said Harry C. Bell and Belle Bell.

DUNBAR, C. J., and HOYT, STILES and ANDERS, JJ., concur.