CONLEY v. ANDERSON, District Judge, et al.

(Supreme Court of Texas.    July 19, and 29, 1913.)

1. INJUNCTION (§ 26*)—RESTRAINING LEGAL PROCEEDINGS — INTERFERING WITH JUDGMENT.

Where the Supreme Court held, in a suit between the state superintendent of public buildings and grounds and a patriotic organization having the custody of the Alamo property, that under the statute appropriating money for that purpose the superintendent could enter upon such property and improve it, the prosecution of a suit by such organization, in which it was sought to require the superintendent to answer interrogatories showing what plans had been prepared and were being followed in making the improvements, the amount of the appropriation expended, and the time that would be required to complete the work, was an interference with the judgment of the Supreme Court and its due execution, and would be enjoined.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 24–49, 54–61; Dec. Dig. § 26.*]

2. APPEAL AND ERROR (§ 1206*)—POWERS OF LOWER COURT AFTER REMAND.

The interpretation and enforcement of such judgment belonged exclusively to the Supreme Court, and the district court had no jurisdiction to review, interpret, or enforce it, and it would be prohibited from entertaining such injunction suit.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4671, 4690; Dec. Dig. § 1206.*]

Original application by A. B. Conley for a writ of prohibition and an injunction against W. S. Anderson, Judge of the Thirty-Seventh Judicial District, and others. Temporary injunction and writ of prohibition granted.

B. F. Looney, Atty. Gen., and C. M. Cureton, C. A. Sweeton, and C. W. Taylor, Asst. Attys. Gen., for relator. Williams & Neethe, of Galveston, and Denman, Franklin & McGown and Webb & Goeth, all of San Antonio, for respondents.

BROWN, C. J., and PHILLIPS, J. [1] In the case of A. B. Conley et al. v. Daughters of the Republic, 156 S. W. 197, decided April 30, 1913, it was held by this court that under the authority of the act of the Thirty-Second Legislature (1st Called Session) the plaintiff in error Conley, Superintendent of Public Buildings and Grounds, was entitled to enter upon that part of the Alamo property known as the Hugo & Schmelzer Company property and expend in its improvement, upon the approval of the Governor, the sum of $5,000, appropriated by the act for that purpose; that the act was not in conflict with that of the Twenty-Ninth Legislature, creating a trusteeship in the Daughters of the Republic for the custody of the Alamo property and vesting its custody in that organization; and that upon the expenditure of the $5,000 appropriation in such improvement the right of the plaintiff in error Conley to entry and possession of the property would expire.

It appears that on July 1, 1913, the Daughters of the Republic filed a second suit in the district court of Bexar county against Conley and others, seeking a further injunction against the prosecution of such work under allegations in substance that the $5,000 appropriation made by the Thirty-Second Legislature had lapsed, and that, as they were advised and charged, other moneys than the $5,000 appropriation were being or would be expended by Conley in such work, whereupon Hon. W. S. Anderson, District Judge, granted a temporary restraining order against the defendants and set the application for an injunction for hearing on July 8th.

After the institution of such suit the relator presented to members of this court an application for a writ of prohibition and injunction to restrain the prosecution of this suit as an interference with the judgment rendered by this court in the original case. We declined to take any action upon such application pending the hearing of the case appointed by the district judge. Upon such hearing, and the showing there made by the defendants that no other moneys than the legislative appropriation had been expended in the work, and that the expenditure of no other or further sum was within their purpose, the district judge discontinued the restraining order and held the issuance of an injunction to be unnecessary, continuing the case, however, upon the docket.

It now appears from the petition presented to us that the plaintiffs and their counsel are preparing to actively prosecute the suit named, and to require certain of the defendants to submit to an examination and give testimony concerning the plans of the work, and other matters in relation thereto.

Under the judgment of this court in the original case the defendant Conley as an executive officer of the state is entitled to prosecute the work of the improvment of this property to the extent of the $5,000 appropriation made by the Legislature for that purpose, without interference from the plaintiffs in this suit, and without being required to account to them in its performance. He, as well as they, is bound by that judgment, and it will be enforced. We regard the prosecution of the pending suit, and the action of the plaintiffs and their attorneys referred to, as an interference with such judgment and its due execution.

It is accordingly ordered that the petition of the relator be filed, and that the clerk issue a temporary injunction restraining the Daughters of the Republic and their attorneys from any further prosecution of the present suit pending in the district court at Bexar county, styled The Daughters of the Republic of Texas v. Dr. A. B. Conley et al., No. B—6146, and from causing any process to therein issue, and from the institution of any

further suit seeking to interfere with the execution of the judgment of this court in the case above named, until the further orders of this court, returnable the first Monday in October, 1913; likewise issuing notice to them to appear at that time and show cause why such injunction should not be made permanent.

BROWN, C. J., and PHILLIPS and HAWKINS, JJ. [2] We will not recite at length the facts in this case, but will give a condensed statement only, referring to the opinions of this court in cause No. 2507 for a complete statement of the case. 156 S. W. 197.

In that case this court held, in substance, that the defendants Conley and Nitschke had the right, under the direction of the Governor, to enter upon the Alamo property for the purpose of improving the same under the direction and approval of the Governor to the extent of expending the sum of $5,000 appropriated by the Thirty-Second Legislature for that purpose. Under that judgment the applicants in this case proceeded by direction of the Governor to apply the appropriation of $5,000 to the improvement of said property, and the Daughters of the Republic applied to Hon. W. S. Anderson, Judge of the Thirty-Seventh Judicial District Court, in Bexar county, for an injunction to prevent said Conley and Nitschke from making the said improvements upon allegations not necessary to be recited here, and the said judge granted a temporary restraining order against the said defendants Conley and Nitschke, which was dissolved upon the coming in of the answer of defendants, but the case was continued upon the docket of that court.

At a subsequent date the Daughters of the Republic filed in said court interrogatories propounded to said Conley, requiring him, among other things, to answer as to what plans had been prepared and are being followed in making said improvements, what amount of the appropriation had been expended, and what time would be required to complete the work, thereby resuming the prosecution of said cause before the said Judge W. S. Anderson.

The said Conley and Nitschke have applied to this court for a writ of prohibition to the said Judge W. S. Anderson and to the Daughters of the Republic and their attorneys, commanding them to desist from further interfering with and obstructing the execution of the judgment of this court by the applicants.

Preliminary to a brief statement of our conclusions of law, we will state that we are not concerned with the motives of counsel or the parties, but we will deal with the case upon the basis of the legal effect of the acts done and threatened to be done by the Daughters of the Republic and their learned and respected counsel.

The proceeding by the Daughters of the Republic and their counsel is in effect against the Governor, to whom the people have intrusted the powers of chief executive of the state, and we will presume that the Governor is directing the application of the fund appropriated to the improvement of the said property in good faith, and that his agents will, under his direction, in good faith confine themselves within the limits of their authority, as indicated by our former opinion.

The law applicable to this case is plain, the issue important, but we shall not enter upon an elaborate discussion of the case, but briefly state the legal principles upon which our order rests. We cite these authorities: In re State ex rel. Boye & Duncan, 18 La. 102; 23 Am. & Eng. Ency. Law, p. 220; 32 Cyc. p. 608 et seq.; Gelsten v. Codwise et al., 1 Johns. Ch. (N. Y.) p. 189; Armstrong v. Pool, 30 W. Va. 666, 5 S. E. 257; State ex rel. Gee's Heirs v. Drew, 38 La. Ann. 274; State ex rel. Wolferman v. Superior Court of Spokane County et al., 8 Wash. 591, 36 Pac. 443; Hovey v. Shepherd, 105 Tex. 237, 147 S. W. 224.

This court, having upon writ of error reversed the judgment of the district court in the former suit, and having entered final judgment in that case, no district court had jurisdiction to review that judgment, nor to interpret and enforce it, but must observe it as it was framed by this court. The interpretation and enforcement of that judgment belongs exclusively to this court, and no interference with its enforcement will be tolerated. Conley and Nitschke were proceeding under the judgment of this court, by which their authority is clearly defined, and the effort of the Daughters of the Republic, through their learned counsel, to require said Conley to make report to the district court of the sum expended, and to submit to that court the plans of the Governor for improvement of the property, constitute a plain effort to assume the control of said parties in the execution of the judgment of this court, which the district court had no power to do. The proposed action has not the merit of being based upon any violation of duty by said parties, who had answered fully.

The high character of the counsel for the Daughters of the Republic forbid the conclusion of a purpose to disregard the judgment of this court, but we again say that their purpose is not to be considered, but, as the effect of their action upon the rights of the applicants clearly is to embarrass and hinder and tend to delay and defeat the expeditious enforcement of our judgment, the applicants are entitled to be protected from proceedings which interfere with their peaceful and unobstructed performance of the duties enjoined upon them by the judgment of this court.

It is therefore ordered that the clerk of the Supreme Court issue to the said W. S. Anderson, Judge of the Thirty-Seventh Judicial District Court, in Bexar county, Texas, a writ prohibiting him from further entertain-

ing the pending action, and to the Daughters of the Republic and their attorneys, Denman, Franklin & McGown, Webb & Goeth, and Williams & Neethe, a like writ, commanding and directing them and each of them to desist from instituting or prosecuting any action against the said Conley and Nitschke, or either of them, or suing out any process against the said parties whereby the improvement on said Alamo property may be delayed or in any manner hindered before the said $5,000 shall have been expended in said improvements, and commanding that the said Daughters of the Republic and their said attorneys desist from suing out any process to require or compel said Conley or said Nitschke to state the amount heretofore expended or that may hereafter be expended out of said appropriation, or to state their plans for improving said property, or to state any fact in connection with the said work, and that said parties shall desist from any proceeding which will interfere with the work of said Conley and Nitschke under the direction of the Governor until the appropriated sum shall have been expended in the improvement of said property. The said writ shall be returnable to the next term of the Supreme Court on the 6th day of October, 1913.