**Billie Frances VERBAL, Appellant,**

v.

**Joseph Floyd VERBAL, Appellee.**

**No. 15896.**

Court of Civil Appeals of Texas, San Antonio.

June 14, 1978.

Samuel F. Biery, Biery, Biery, Davis & Myers, San Antonio, for appellant.

Clarence R. McGown, San Antonio, for appellee.

MURRAY, Justice.

This is an appeal from a judgment entered in a divorce action. Appellee Joseph F. Verbal instituted this suit against appellant Billie Frances Verbal seeking a divorce, a division of the estate of the parties, and for orders concerning custody of their minor child. After a trial before the court, sitting without a jury, judgment was entered dissolving the marriage, granting custody of the child to the appellant and dividing the property and awarding appellant $750 attorney's fees. Appellant asserts on this appeal that the property division is inequitable and that the trial court failed to award her reasonable attorney's fees. Appellant and appellee were married on December 30, 1949, and separated on or about July 27, 1977. Appellant and appellee have one minor daughter who was 13 years of age at the time of the trial. Appellee filed this suit for divorce on October 20, 1976, and appellant filed a cross-action for divorce on November 5, 1976. Previous to this case, in August of 1976, appellant filed suit for divorce against appellee which appellant later dismissed.

The property division made by the trial court was as follows: Appellant was awarded a 1974 Torino automobile, present value unknown; two lots and five acres of land located in Arizona, present value unknown; all household furnishings and appliances and other personal property in her possession, present value unknown; $75.00 in her checking account; and 22½ per cent of the total retirement pay of appellee when and if it is received.

Appellee was awarded a 1976 Pinto automobile, present value unknown; $56.00 in his checking account; $37.00 in his Federal Credit Union Account; all household furnishings and appliances and fixtures and other personal property in his possession; and 77½ per cent of his military retirement pay when and if received.

Appellant was ordered to pay $1,150.00 worth of debts which she had incurred since their separation, and appellee was ordered to pay approximately $4,700.00 in community debts. In addition to the community

debts, the appellee was ordered to pay $750.00 attorney's fees to the appellant's attorney.

■ Appellant's principal complaint relates to the court's division of the military retirement benefits earned during the marriage. The record shows that at the time of the divorce, the appellee had been in the military service for 22 years and planned to stay on military service in the future. Military retirement benefits are community property, whether vested or nonvested, where earned during the marriage and are subject to be apportioned on divorce. *Cearley v. Cearley,* 544 S.W.2d 661 (Tex.1976). Courts are required to give due regard to the rights of the parties and make a division of property in a manner deemed just and right. Tex.Family Code Ann. § 3.63 (1975). In respect to a partition of the community estate of the parties, wide discretion is vested in the trial court. *Kirkham v. Kirkham,* 335 S.W.2d 393 (Tex.Civ. App.—San Antonio 1960, no writ).

■ We now examine appellant's contention that the property division is manifestly unjust and unfair as to amount to an abuse of the court's discretion. The record before us shows that the appellant plans on remaining in the service for six more years and possibly more. Appellee is presently a First Sergeant in the Army, and upon retirement could have 28 or more years of service. We point out that the judgment in this case has awarded the wife 22½ per cent of the retirement pay when received by appellee which will be a greater proportion than 22½ per cent of the community interest in the retirement benefits. We believe the case of *Miser v. Miser,* 475 S.W.2d 597 (Tex.Civ.App.—Dallas 1971, writ dism'd), correctly sets out the formula to be used in determining the community interest in retirement benefits that have not matured[1] at the time of the divorce. In *Miser, supra,* the parties had been married 170 months at the time of the divorce. The wife was awarded ½ of 170ths over the fraction of the number of months of active service until actual retirement. In *Miser,* unlike the present case, the actual percentage of the retirement pay that the wife will receive will not be determined until actual retirement. In the present case, the appellant is given 22½ per cent of the retirement earned by appellee during the marriage and 22½ per cent that will be earned in the future. Upon appeal it must be presumed that the trial court exercised its discretion properly and the cause will be reversed only where the division is manifestly unjust. *Bell v. Bell,* 513 S.W.2d 20 (Tex.1974); *Hedtke v. Hedtke,* 112 Tex. 404, 248 S.W. 21 (1923); *In Re Marriage of McCurdy,* 489 S.W.2d 712 (Tex.Civ.App.—Amarillo 1973, writ dism'd).

■ The decree of this case gives the appellant property which she may take immediate possession of and use. The record fails to disclose the value of this property. The judgment also gives appellant an interest in the retirement benefits that will be earned after the divorce by appellee and therefore, the percentage of the community portion of the retirement is increasing with each additional year that appellee serves on active duty. As we view the record, appellant failed to discharge her burden showing that the court's order dividing the property was manifestly unjust and unfair or that there is a flagrant abuse of discretion to such an extent that the order should be set aside. *Waggener v. Waggener,* 460 S.W.2d 251 (Tex.Civ.App.—Dallas 1970, no writ); *Williams v. Williams,* 537 S.W.2d 107 (Tex. Civ.App.—Tyler 1976, no writ).

■ Appellant's complaint regarding the amount of attorney's fees appellee was ordered to pay is without merit and is accordingly overruled. *Merrell v. Merrell,* 527 S.W.2d 250 (Tex.Civ.App.—Tyler 1975, writ ref'd n. r. e.).

The judgment of the trial court is affirmed.

---

1. See *Cearley v. Cearley,* 544 S.W.2d 661, 664 (Tex.), for meaning of term "matured."