Efrain CERVANTES, Appellant,

v.

Maria G. CERVANTES, Appellee.

No. 1490.

Court of Civil Appeals of Texas, Corpus Christi.

Nov. 29, 1979.

Rehearing Denied Dec. 28, 1979.

J. R. Davidson, Brownsville, for appellant.

Eduardo R. Rodriguez, Hardy, Rodriguez & Colvin, Joe Walsh & Associates, Brownsville, for appellee.

## OPINION

BISSETT, Justice.

This case involves an appeal from a decree of divorce and division of property incident to the divorce. Maria Cervantes, the wife-appellee, brought suit against Efrain Cervantes, the husband-appellant, for divorce, conservatorship of the children born to the marriage and division of the property of the parties. The case was tried before a judge on October 11, 1978. Following the trial, the court, on November 6, 1978, rendered a decree which divorced the parties, awarded managing conservatorship of the children to the wife, and divided the property accumulated by the parties during the marriage.

On appeal, the husband-appellant challenges the granting of divorce and the division of the property. The petitioner-appellee will henceforth be referred to as "the wife." The respondent-appellant will hereafter be called "the husband."

In her petition for divorce, the wife alleged that the marriage had become "insupportable because of discord or conflict of personalities between petitioner and respondent that destroys the legitimate ends of the marriage relationship and prevents any reasonable expectation of reconciliation." This allegation was made pursuant to Tex. Fam.Code Ann. § 3.01 (1973), which provides:

"On the petition of either party to a marriage, a divorce may be decreed without regard to fault if the marriage has become insupportable because of discord or conflict of personalities that destroys the legitimate ends of the marriage relationship and prevents any reasonable expectation of reconciliation."

■ In a divorce case, the sufficiency and weight of the evidence necessary to meet the requirements of insupportability must be left to the sound discretion of the court trying the case, and on appeal from a judgment granting a divorce every presumption must be indulged in favor of the judgment. *Elrod v. Elrod*, 517 S.W.2d 669 (Tex.Civ.

App.—Corpus Christi 1974, no writ); *Cusack v. Cusack*, 491 S.W.2d 714 (Tex.Civ. App.—Corpus Christi 1973, writ dism'd.).

In his first point of error, the husband contends the evidence was insufficient to establish the marriage had become insupportable because the greater weight of the evidence showed that the parties had lived together since the wife filed her petition for divorce. At the trial the wife testified to discord and a conflict of personalities which rendered the marriage impossible and insupportable. She further testified that, in her opinion, there was no hope that she and her husband could live together as husband and wife. In a divorce case, the petitioner's opinion that continuing the marriage relationship would not be feasible satisfies the requirement of the Texas Family Code to make out a prima facie case of divorce.

*Baxla v. Baxla*, 522 S.W.2d 736 (Tex.Civ. App.—Dallas 1975, no writ). Furthermore, although the husband brought forward some evidence that the parties were living together, the wife unequivocally testified that any such relationship did not involve marital interaction. She further testified that there had been many arguments between them and that she had suffered physical abuse as well as public embarrassment because of her husband's acts in the past.

The cumulative effect of all the evidence presented by the record is sufficient to support a finding of insupportability within the purview of section 3.01 of the Family Code. The husband's first point of error is overruled.

In its divorce decree the trial court divided the property of the parties as set out in the accompanying footnote.[1]

1. "Petitioner is awarded the following as Petitioner's sole and separate property, and Respondent is hereby divested of all right, title, and interest in and to such property:

(1) Lot Four (4), Block Thirteen (13), EBONY HEIGHTS SUBDIVISION, an Addition to the City of Brownsville, Cameron County, Texas, as shown by the map or plat of said Subdivision, of record in Volume 15, page 20, Map Records of Cameron County, Texas, SAVE AND EXCEPT, however, all oil, gas, and minerals heretofore reserved to.

Los Ebanos Estates, Inc., and Thomas H. Sweeney in Deed dated March 1, 1950, of record in Volume 484, page 128, Deed Records, Cameron County, Texas.

(2) Any and all sums of cash in the possession of or subject to the control of Petitioner, including money on account in banks, savings institutions, or other financial institutions, which accounts stand in Petitioner's name or from which Petitioner has the right to withdraw funds or which are subject to Petitioner's control.

(3) One-half (½) of all retirement benefits or funds accumulated by Respondent from September 6, 1964 to October 11, 1978, including but not limited to contributions made by Respondent during said period in connection with his employment at the United States Post Office.

(4) The 1977 Volkswagen Rabbit automobile now in her possession.

(5) All household furniture and furnishings.

(6) All personal property in Petitioner's possession or subject to Petitioner's control.

All property awarded to Petitioner shall be subject to any indebtedness charged against it.

Respondent is awarded the following as Respondent's sole and separate property, and Petitioner is hereby divested of all right, title, and interest in and to such property:

(1) The following real property:

Lot Number Twenty-Eight (28), Block Number One (1), LAKE VILLAGE SUBDIVISION in the City of Brownsville, Cameron County, Texas, according to Map of said Subdivision recorded in Volume 21, Page 48 of the Map Records of Cameron County, Texas.

(2) The 1975 Chevrolet Caprice automobile now in his possession.

(3) All personal property in Respondent's possession or subject to Respondent's control.

All property awarded to Respondent shall be subject to any indebtedness charged against it.

IT IS DECREED that each party shall bear his or her own liability for taxes on income earned after the date of entry of this decree.

IT IS DECREED that, should the parties' federal income tax return for 1978 or for any prior years result in a refund of taxes, Petitioner and Respondent shall divide such refund equally.

IT IS DECREED that Petitioner shall have the right to claim the income tax exemptions for the two younger children of this marriage, being HUGO A. CERVANTES and MONICA L. CERVANTES, for the purpose of federal income taxes for 1978 and all subsequent years.

IT IS DECREED that Respondent shall have the right to claim the income tax exemptions for the two oldest children of this marriage, being LISA M. CERVANTES and EFRAIN CERVANTES, JR., for the purpose of federal income taxes for 1978 and all subsequent years, so long as all child support herein ordered to be paid by claimant is timely paid."

■ Wide latitude is granted to trial courts in exercising discretion in determining a division of the property between the parties to a divorce. *Williams v. Williams*, 160 Tex. 99, 325 S.W.2d 682 (1959); *Hayes v. Hayes*, 378 S.W.2d 375 (Tex.Civ.App.—Corpus Christi 1964, writ dism'd), *Baxla v. Baxla*, supra; *Hensley v. Hensley*, 496 S.W.2d 929 (Tex.Civ.App.—El Paso 1973, no writ). There is a presumption in favor of the trial court's exercise of its discretion regarding division of the property. *Bell v. Bell*, 513 S.W.2d 20 (Tex.1974); *Verbal v. Verbal*, 567 S.W.2d 898 (Tex.Civ.App.—San Antonio 1978, no writ); *Grost v. Grost*, 561 S.W.2d 223 (Tex.Civ.App.—Tyler 1978, no writ); *Hopkins v. Hopkins*, 540 S.W.2d 783 (Tex.Civ.App.—Corpus Christi 1976, no writ).

■ There are no findings of fact or conclusions of law. Therefore, we must presume that the trial court considered all of the circumstances of the parties in connection with the division of their property. *Musslewhite v. Musslewhite*, 555 S.W.2d 894 (Tex.Civ.App.—Tyler 1977, writ dism'd); *Whittenburg v. Whittenburg*, 523 S.W.2d 797 (Tex.Civ.App.—Austin 1975, no writ); *Morin v. Morin*, 561 S.W.2d 263 (Tex.Civ.App.—Corpus Christi 1978, no writ).

■ By his second point of error, the husband contends that the divesting of all his right, title and interest in the homestead of the parties was against the greater weight and preponderance of the evidence. In support of this point, he directs attention to his wife's testimony that a fair division of the property would be approximately fifty-fifty. He further contends that the trial court failed to consider the following:

(1) the fault of the wife in breaking up the marriage;

(2) the contribution by the community estate to the wife's education as a teacher; and,

(3) the comparative future earning powers of the parties.

The wife is a school teacher. She makes approximately $640.00 per month. The husband is a postal worker who makes approximately $900.00 a month. The wife was awarded managing conservatorship of four children. There was no conclusive assignment of blame to either of the parties insofar as the insupportability of the marriage was concerned. Although the wife testified that a 50% division of all the property would be satisfactory to her, there was no unequivocal indication on her part that divestiture of the husband's interest in their homestead would be unacceptable. A trial court may award the community homestead to the wife if, among other considerations, it is of the opinion that she needs it to maintain a stable home for her children. *Cunningham v. Cunningham*, 515 S.W.2d 345 (Tex.Civ.App.—Corpus Christi 1974, no writ). Reviewing all the evidence in the case, we simply cannot say that the trial court abused its discretion in this regard. The second point of error is overruled.

In his last three points of error the husband contends there was no basis for the trial court's entry of a judgment that 1) the wife receive one-half of all retirement benefits accumulated by him in connection with his employment as a postal worker; 2) the parties divide equally any federal income tax refund for the year 1978; and 3) the parties divide their four children as exemptions for income tax purposes. The points have no merit.

■ It has been held that the court may divide retirement benefits between the spouses. *Gaulding v. Gaulding*, 503 S.W.2d 617 (Tex.Civ.App.—Eastland 1973, no writ). Furthermore, the husband has completely failed to come forward with any reason as to why the decree with respect to the provision for the division of a possible income tax refund and the provisions for dividing the children for income tax exemptions should be reversed. The third, fourth and fifth points of error are overruled.

The judgment of the trial court is AFFIRMED.