**Paul Archibald CAMERON, Appellant,**

v.

**Sue Akers CAMERON, Appellee.**

**No. 1578.**

Court of Civil Appeals of Texas, Corpus Christi.

Oct. 23, 1980.

Rehearing Denied Nov. 20, 1980.

Charles R. Cunningham, Corpus Christi, for appellant.

Scott T. Cook, Harris, Cook & Browning, Corpus Christi, for appellee.

## OPINION

YOUNG, Justice.

In this appeal from a part of the trial court's judgment in a divorce suit, Paul Archibald Cameron is appellant and Sue Akers Cameron is appellee. The judgment granted the divorce, appointed appellee as managing conservator of the one minor child, ordered appellant to pay child support, and divided the property of the parties. Although there are some fifteen points of error raised by appellant, the central issue in this appeal involves the trial court's divestiture of appellant's title to his separate personal property. We hold that such divestiture is not permissible by a trial court under the recent Supreme Court case of *Campbell v. Campbell*, 23 Tex.Sup.Ct.J. 391 (June 4, 1980). We accordingly reverse and remand in part.

A review of the pertinent facts of this case are as follows. Appellant entered the United States Air Force on June 22, 1954, in New York. In 1955, appellant was stationed at Lubbock Air Force Base in Texas. The parties married in Midland, Texas on September 29, 1957, and departed that day for California. The parties lived in California, a community property state, for three months. Thereafter, the parties lived in various common law states. Appellant retired from the military on September 1, 1977, at Grissom Air Force Base, Indiana. The parties then moved to Corpus Christi, Texas.

The parties were divorced on March 29, 1979. At the time of trial, appellant was receiving $1,507.31 per month under his military retirement benefits and earning an annual salary of $13,000.00 as an accounting instructor at Corpus Christi State University. Appellee, at the time of trial, was earning an annual salary of $18,000.00 as the Director of Placement at Del Mar College in Corpus Christi.

Appellant, in points of errors, one, two and seven, contends the trial court erred in divesting him of title to his separate property military retirement benefits. It is well settled that an interest in a military retirement plan is an earned property right. This property right accrues by reason of the years of service spent in the military by that spouse. *Busby v. Busby*, 457 S.W.2d 551 (Tex.1970); *Cearley v. Cearley*, 544 S.W.2d 661 (Tex.1976). Military retirement, being an earned property right, is subject to division upon dissolution of the marriage. The inception of title rule is applied to determine the existence of a community property interest in retirement benefits. *Busby v. Busby*, supra; *Mitchim v. Mitchim*, 509 S.W.2d 720 (Tex.Civ.App.–Austin 1974), rev'd on other grounds, 518 S.W.2d 362 (Tex.1975). Hence, the military retirement benefits which accrue during the marriage while residing in common law states and the benefits which accrue while single are the separate property of the spouse in the military. Conversely, the retirement benefits which accrue while re-

siding in community property states are community property. *Busby v. Busby*, supra; *Mitchim v. Mitchim*, supra.

Appellee counters appellant's divestiture theory in her supplemental brief, filed after the *Campbell* decision, by stating that the trial court did not actually divest appellant of title to his separate personal property. We disagree.

The judgment reads, in part, as follows:

"Paul A. Cameron, Jr. is awarded as his sole and separate property all interest, separate and community, in the United States Military Retirement Plan described above, subject only to the life interest of Sue A. Cameron and the Survivor Benefit Package as hereinabove specified."

This language is found in the judgment under the heading "Division of Military Retirement." The court also ordered the following division of property:

"A. *Property to Petitioner.* Petitioner is awarded the following as Petitioner's sole and separate property, and Respondent is hereby divested of all rights, title and interest in and to such property: ... (8) that percentage of the United States Military Retirement of Paul A. Cameron, Jr. in accordance with the terms hereinafter set forth."

The judgment further recited that the United States Government would not directly forward to appellee her separate share of the retirement benefits. The court, therefore, made appellant constructive trustee of thirty–five percent of the retirement benefits and ordered him to pay such sum to appellee within five days of receipt.

In construing the meaning of a judgment, the entire contents of the instrument must be considered. The judgment should be read as a whole and each part should be interpreted with reference to its entirety. *Lone Star Cement Corporation v. Fair*, 467 S.W.2d 402 (Tex.1971); *State v. Starley*, 413 S.W.2d 451 (Tex.Civ.App.–Corpus Christi 1967, no writ). We hold the judgment clearly divested appellant of title to thirty–five percent of his retirement benefits.

Prior to the recent Supreme Court case of *Campbell v. Campbell,* supra, several of the Courts of Civil Appeals had held that while a trial court may not divest one spouse of title to his or her separate real property and transfer title to the other spouse [*Eggemeyer v. Eggemeyer,* 554 S.W.2d 137 (Tex. 1977)] the trial court could divide the separate personal property of the parties. The Supreme Court, however, in *Campbell* clearly stated that they consider their holding in *Eggemeyer* as stare decisis and hence controlling upon the issue of whether a trial court may divest a spouse of his or her separate personal property. The following language from *Eggemeyer* was quoted in *Campbell*:

> "Trial Courts have a broad latitude in the division of the marital community property, but that discretion does not extend to a taking of the fee to the separate property of the one and its donation to the other."

■ The Court accordingly held that a trial court may not divest one spouse of his or her title to separate personal property and transfer title to the other spouse. Hence, the divestiture of appellant's title to thirty–five percent of his separate property military retirement benefits was erroneous. Appellant's points of error one, two and seven are sustained.

■ Appellant, in his third point of error, contends that the trial court erred in awarding one–half of the United States Savings Bonds to appellee. These bonds were acquired from funds withheld from appellant's military pay. The record reflects that the appellant was in the military for a total of 278 months. Of these 278 months, appellant was single for 39 months. During the remaining 239 months the parties resided in common law states for 233 months and in a community property state for three months. We hold, therefore, that $^{275}/_{278}$ of the United States Savings Bonds were the separate property of appellant. As we have mentioned, a trial court may not divest one spouse of the title to his or her separate property and transfer the same to the other spouse. *Campbell v.*

*Campbell,* supra. Appellant's third point of error is sustained.

■ Appellant, in his fifth point of error, contends that the trial court erred in ordering him to pay a $2,800.00 debt. This debt arose as a result of a savings account in Wachovia Bank and Trust Company, Kingston, North Carolina. There was testimony in the lower court with regard to the savings account. Appellant testified that it was his separate property account. Appellee testified that she was authorized to draw on the account and it was, therefore, a jointly owned savings account of the parties.

Prior to the separation of the parties, appellee withdrew $2,800.00 from the savings account. This sum was approximately one–half of the balance. Appellant thereafter withdrew the remaining balance of the account plus an additional $2,800.00. The additional $2,800.00 was withdrawn by appellant due to an error of the bank. The bank, at the time of trial, was in the process of making a claim against the parties for the $2,800.00 paid in error.

All property possessed by either spouse at the dissolution of the marriage is presumed to be community property. Tex.Fam.Code Ann. § 5.02. Appellant had the burden of rebutting the presumption that the savings account was part of the community estate. *Tarver v. Tarver,* 394 S.W.2d 780 (Tex. 1965); *Cervantes v. Cervantes,* 591 S.W.2d 332 (Tex.Civ.App.–Corpus Christi 1979, no writ). We find that appellant has failed to overcome this burden. Appellant's fifth point of error is overruled.

After a careful review of appellant's remaining points of error and appellee's cross–point, we deem it unnecessary to consider these points in light of our holding.

Under Rule 434, T.R.C.P., that the portion of the judgment dividing the property of the parties is reversed, severed and remanded to the trial court for a new trial on that issue. The remainder of the judgment is affirmed. The costs of this appeal are taxed one–half to each of the parties.