BILBO FREIGHT LINES, INC.,
Appellant,

v.

The STATE of Texas, Appellee.

No. 13783.

Court of Appeals of Texas,
Austin.

Feb. 2, 1983.

Rehearing Denied Feb. 23, 1983.

Austin L. Hatchell, Small, Craig & Werkenthin, Austin, for appellant.

Mark White, Atty. Gen., Phyllis B. Schunck, Asst. Atty. Gen., Austin, for appellee.

Before PHILLIPS, C.J., and EARL W. SMITH and BRADY, JJ.

EARL W. SMITH, Justice.

In 1963, appellee the State of Texas, by and through its Attorney General, and in behalf of the License and Weight Division of the Texas Department of Public Safety, brought suit against V.C. Bilbo in the 53rd district court of Travis County under the provisions of the Uniform Declaratory Judgments Act, Tex.Rev.Civ.Stat.Ann. art. 2524–1. The State sought a declaration that V.C. Bilbo could not transport various listed commodities under the authority granted by Limited Common Carrier Motor Carrier's Certificate, No. 347, issued to him in 1940 (and re-issued in 1961) by the Railroad Commission of Texas; it also sought a permanent injunction to prevent Bilbo from carrying commodities that the State alleged were not authorized by the certificate. Bilbo's certificate gave him the authority, "[t]O TRANSPORT: HEAVY BUILDING MATERIALS, MACHINERY AND SUPPLIES between all points in Texas."

The trial court, sitting without a jury, held that Bilbo had not exceeded his authority, ordered that the State take nothing by its suit, and denied all relief prayed for by the State. This Court of Appeals affirmed the judgment in part and reversed and ren-

dered the judgment in part, holding that all commodities alleged in the State's petition were outside the scope of the issued certificate except for those enumerated items shipped on pallets. We found that because of the inherent nature of the freight, palleting was required to prevent damage and, relying upon W.J. Dillner Transfer Co.—Investigation of Operations, 79 M.C.C. 335 (Interstate Commerce Commission), held that Bilbo could continue to transport the listed palletized items, but could not carry the other freight listed in the State's petition. The opinion of this Court is reported at 378 S.W.2d 871 (Tex.Civ.App.1964). The State filed an application for writ of error, which was granted.

In *State v. Bilbo*, 392 S.W.2d 121 (Tex. 1965) the Supreme Court held that, with respect to palletized items, Bilbo, "is not authorized to haul any of the commodities here in question because they are neither heavy nor require the use of special equipment." The Court relied upon the legal principle known as the Dillner Doctrine and further held that:

> [t]here is no testimony concerning the physical characteristics of the commodities involved. There is no evidence that they *require* palletization for their protection.... We hold that the requirements of the inherent nature test have not been met in this case and that there ' is no evidence to support that portion of the judgment of the Court of Civil Appeals. We approve the holding below that a forklift qualifies as special equipment so long as the commodity itself is otherwise authorized. We also approve the holding that incidental supplies and accessories may be hauled when tendered to the carrier as an integral part of a shipment of heavy building materials, machinery or supplies.

The Supreme Court modified the judgment of the trial court and this Court, as indicated in its opinion, and as modified, affirmed the judgment of the trial court and this Court. That part of the trial court's judgment, which denied the injunctive relief, was never reversed by either appellate Court.

The Supreme Court has consistently held that when it affirms a judgment of the trial court or enters a judgment which a trial court should have entered, the judgment becomes a judgment of both courts—the trial court and the Supreme Court. *City of Tyler v. St. Louis Southwestern Railway Company of Texas, et al.,* 405 S.W.2d 330, 332 (Tex.1966); *Crouch v. McGaw,* 134 Tex. 633, 138 S.W.2d 94, 96 (Tex.1940).

A mandate of the Supreme Court was duly issued in 1965. Appellant concedes in its brief that, "in a case as here presented where there is a modification and affirmance of the judgment, the judgment of the appellate court is the judgment of the district court after the mandate has been issued and no additional affirmative action in behalf of the trial court is necessary as the appellate court's judgment is the final judgment in such cause."

Nevertheless the State, in 1982, filed a motion for judgment against *V.C. Bilbo* in the trial court pursuant to the mandate, and also sought the permanent injunction against him that was originally prayed for (and denied) in the original suit. The motion was opposed by *Bilbo Freight Lines, Inc.,* appellant, who contended that the Dillner Doctrine, which applied the inherent nature test, had been abandoned since the Supreme Court decision in this case and that it would be unconscionable to grant the injunction after the State had, for 17 years, permitted the hauling of the products prohibited by the Supreme Court judgment. The trial court, on May 12, 1982, granted the State's motion for judgment against *V.C. Bilbo. Bilbo Freight Lines, Inc.,* then moved the Supreme Court for leave to file writs of mandamus, prohibition, and injunction. The Court overruled the motion for leave to file the writs. *Bilbo Freight Lines, Inc. v. Charles Mathews, District Judge,* No. C–1268, Tex., June 23, 1982 (not yet reported).

From the judgment of the district court, *Bilbo Freight Lines, Inc.,* now brings this appeal. For the reasons hereinafter stated, we must dismiss the appeal. Here it must be noted that at no time prior to the

time that the judgment of the Supreme Court (which by law, became the trial court's judgment) became final in 1965, was appellant *Bilbo Freight Lines, Inc.,* a party to this action. In a stipulation filed July 21, 1982, and by agreement made a part of the transcript, the following is found:

2. The parties to this action, both plaintiff and defendant, cross-plaintiff and cross-defendant, are as alleged in plaintiff's original petition, defendant's original answer and defendant's cross action, that their residences are as stated therein, and that they sue or are sued in the capacity therein stated.

3. Defendant, *V.C. Bilbo,* is the owner and operator of Certificate No. 3047 issued to him by the Railroad Commission of Texas on September 27, 1939. A copy of such certificate, as amended, dated April 13, 1961, is attached hereto.

Thus it is seen that *V.C. Bilbo* was the only party defendant, as shown by the stipulation. The only mention of appellant in the record is to be found in its "Reply to Motion for Judgment as Required by Mandate," filed March 2, 1982, where it styled itself, "*Bilbo Freight Lines, Inc., successor and* [sic] *interest to defendant and cross-plaintiff.*" (*V.C. Bilbo* was defendant and cross-plaintiff in the trial court.) The judgment, signed May 12, 1982, does not mention *Bilbo Freight Lines, Inc.* Appellant does not attempt to show by appropriate pleadings that it was in privity of estate or interest with *V.C. Bilbo.* The record does not demonstrate that an appeal from the May 12, 1982, judgment has ever been taken by *V.C. Bilbo* or anyone in his behalf. The trial court's judgment as to *V.C. Bilbo* therefore is final. Since appellant was never a party to the action, we cannot entertain its appeal. The remedy of appeal is available only to parties of record. *Gunn v. Cavanaugh,* 391 S.W.2d 723 (Tex.1965); *Smith and Janes v. Gerlach and Levenhagen,* 2 Tex. 424 (1847); *California and Hawaiian Sugar Co. v. Bunge Corp.,* 593 S.W.2d 739 (Tex.Civ.App.1979, no writ).

■ The judgment of the Supreme Court disposed of all issues and parties before the Court and therefore was final. Appellant was not a party to the suit at that time, and

its subsequent "Reply to Motion for Judgment" in 1982 could not make it a party under Tex.R.Civ.P. 60. *St. Paul Insurance Company v. Rahn,* 586 S.W.2d 701 (Tex.Civ. App.1979, no writ). The appeal of *Bilbo Freight Lines, Inc.,* is therefore dismissed because appellant, insofar as the record in this case is concerned, is not a party.

■ Moreover, the appeal must be dismissed on the grounds stated in the State's motion to dismiss. Appellant complains that the trial court, in entering the May 12, 1982, judgment, erred in construing the mandate of the Supreme Court. Appellant candidly admits that the proper remedy for it to pursue to rectify any error of the trial court is by petition for mandamus in the Supreme Court. Having already sought and been denied that remedy, appellant now asks this Court to construe and enforce the mandate of the Supreme Court. This we cannot do. This Court has no such general supervisory power. Only the Supreme Court has the jurisdiction over this cause to ensure compliance with this mandate. *Wells v. Littlefield,* 62 Tex. 28 (1884). The interpretation of the Supreme Court's judgment and mandate lies *exclusively* with that Court. *Conley v. Anderson,* 164 S.W. 985 (Tex.1913). As the Court said in that case:

[t]his court, having upon writ of error reversed the judgment of the district court in the former suit, and having entered final judgment in that case, no district court had jurisdiction to review that judgment, nor to interpret and enforce it, but must observe it as it was framed by this court. *The interpretation and enforcement of that judgment belongs exclusively to this court, and no interference with its enforcement will be tolerated.*

*Conley, supra,* at 986 [Emphasis supplied].

Appellant's reply to the State's motion to dismiss states that, "appellant does not take issue with the fact that the Supreme Court has jurisdiction of the instant proceeding." The cases cited by appellant are all original proceedings in the Supreme Court and are illustrative of the law that only the Su-

preme Court has jurisdiction to construe and enforce its judgments and mandates. Appellant cites no authority that would give this Court such power.

The Supreme Court has exclusive authority to construe and enforce its own judgment in this case; accordingly, the State's motion to dismiss is submitted and granted.

For the reasons here stated, the appeal of *Bilbo Freight Lines, Inc.,* is dismissed.