**Sue Akers COOK, Formerly Sue Akers Cameron, Appellant,**

v.

**Paul Archibald CAMERON, Appellee.**

No. 13–84–267–CV.

Court of Appeals of Texas,
Corpus Christi.

June 13, 1985.

Rehearing Denied Aug. 30, 1985.

Scott T. Cook, Harris, Cook, Browning, Jordan & Hyden, Corpus Christi, for appellant.

Bruce D. Viles, Corpus Christi, for appellee.

Before KEITH,[1] UTTER and KENNEDY, JJ.

## OPINION

KEITH, Justice.

This is an appeal from an order entered in response to motions filed by both parties for enforcement and/or clarification of a final decree of divorce. We affirm.

The parties were initially divorced on March 29, 1979. The trial court's decree of divorce granted the divorce, appointed managing conservatorship for a minor child, provided for support of that child and divided the property of the parties. Among the property rights divided by this decree was appellee's military retirement benefits. We reversed this judgment; one of the reasons being the manner in which it divided the retirement benefits. *Cameron v. Cameron*, 608 S.W.2d 748 (Tex.Civ.App.—Corpus Christi 1980). Our decision was appealed to the Texas Supreme Court, which subsequently reversed our opinion and, among other actions, "render[ed] judgment awarding [appellant] her share of the military retirement pay...." *Cameron v. Cameron*, 641 S.W.2d 210 (Tex.1982).

On April 20, 1983, appellant filed, in the District Court, both a "Motion for Contempt and Motion in Aid and Clarification of Judgment" and a "Motion to Authorize Release from the Registry Interest Due Movant on the Judgment." On July 25, 1983, the trial court entered an Order on appellant's "Motion for Contempt and Motion in Aid and Clarification of Judgment." By its Order, it expressly reserved hearing and ruling on her "Motion to Authorize Release from the Registry Interest Due Movant on the Judgment." This second motion was severed from the first motion in order that a separate hearing could later be held on it.

On November 16, 1983, appellant filed an Amended Second Motion for Contempt and Motion to Enforce Judgment. In this new motion she sought: 1) to have appellee held in contempt of court for failing to pay the full sum due her under the decree awarding her 35% of his gross retirement benefits;[2] 2) to increase her entitlement to appellee's retirement benefits from 35% to 45%;[3] 3) judgment for arrearages; and 4) attorney's fees. Appellee responded to this motion and filed a Reply to the Amended Second Motion for Contempt and Motion to Enforce Judgment and for Clarification and Respondent's Motion for Relief in Connection with Prior Judgments and Orders.

In his motion, appellee sought to: 1) have the trial court clarify the Supreme Court's judgment and mandate, concerning whether appellant was entitled to receive either 35% of his *gross* retirement benefits, or only 35% of his *disposable* retirement benefits; 2) have the trial court's order of

---

1. Associate Justice, Court of Appeals, Ninth Supreme Judicial District (Ret.), sitting by designation. *See* Art. 1812, as amended.

2. According to the motion, appellant was entitled to receive $799.22 a month as 35% of the gross benefits. She received only $646.61 a month directly from the government and was not paid the difference by appellee.

3. The merits of this contention will be developed later in connection with appellant's third and fourth points of error.

July 25, 1983, set aside; 3) have the trial court issue a clarifying order declaring void the provision in the divorce decree which allowed it to increase appellant's interest in appellee's retirement benefits from 35% to 45%; and 4) recover attorney's fees.

A hearing was conducted on appellant's Amended Second Motion on December 16, 1983. On May 3, 1984, the trial court ordered that:

> [T]he Amended Second Amended Motion for Contempt and Motion in Aid and Clarification of Judgment filed herein by Sue Akers Cook, formerly Sue Akers Cameron, together with all relief requested therein, be and the same is hereby denied.
>
> [T]he Motion of Respondent, Paul Cameron, that the Court vacate and set aside the order of July 25, 1983 be and the same is hereby denied.
>
> [T]he Motion of Respondent, Paul Cameron, that the Court find the provisions in the judgment of March 29, 1979 providing for a contingent increase in Movant's share of Respondent's retirement pay to be null and void be and the same is hereby denied.
>
> Costs are ordered adjudged against the party by whom incurred.

Appellant, by direct appeal, and appellee, by cross-points, both attack this Order of the trial court.

## JURISDICTION

■ This case is back in our Court today by virtue of an appeal from a proceeding brought before the trial court under the authority granted it by Tex.Fam. Code Ann. §§ 3.70–3.77 (Vernon Supp. 1985). These sections relate to the clarification and enforcement of a final decree of divorce by the court issuing said decree. At the outset we note that an appeal does lie from an order entered in response to a motion in aid and clarification of a judgment. In *Starr v. Starr*, 690 S.W.2d 86 (Tex.App.1985) (not yet reported), the Court squarely addressed this issue. They concluded, and we agree, that an order which completely disposes of all issues contained by a motion in aid and clarification of a judgment, filed by either or both parties to a divorce, is an appealable order. However, since the final decree of divorce, which is the subject matter of this suit, has been reviewed and passed upon by the Texas Supreme Court, we now hold that sections 3.70–3.77 of the Texas Family Code will only act to revest limited jurisdiction to the trial court.

■ In part of its mandate, issued November 18, 1982, the Supreme Court ordered:

> 2) That part of the judgment of the Court of Civil Appeals which held that Paul Cameron could not be divested of his title to thirty-five percent of his separate property military retirement benefits is reversed, and *judgment is rendered* effective February 1, 1983 that Sue Akers Cameron *receive thirty-five percent of the military retirement pay from June 25, 1981 all in accordance with the opinion of this Court.* [Emphasis ours.]

Because of this partial rendition by the Supreme Court, the trial court lacked jurisdiction to enter a clarifying order with respect to appellant's interest in appellee's retirement benefits, awarded her as part of the parties' community property.

Rule 502, Tex.R.Civ.P. provides:

> Upon the rendition by the Supreme Court of any such judgment or decree ... it shall not be necessary for the lower court from which the cause was removed to make any further order or decree therein, but the clerk of said lower court, on receipt of the mandate of the Supreme Court or the Court of Appeals, shall proceed to issue execution thereon as in other cases.

As set out in *Conley v. Anderson*, 164 S.W. 985 (Tex.1913):

> [The Supreme Court] having entered final judgment in that case, no district court had jurisdiction to review that judgment, nor to interpret and enforce it, but must observe it as it was framed by this court. The interpretation and en-

forcement of that judgment belongs exclusively to this court, and no interference with its enforcement will be tolerated.

See *Humble Oil & Refining Co. v. Fisher*, 152 Tex. 29, 253 S.W.2d 656 (1952); *Bilbo Freight Lines, Inc. v. State*, 645 S.W.2d 925 (Tex.App.—Austin 1983, writ ref'd n.r. e.); and *Myers v. Myers*, 515 S.W.2d 334 (Tex.Civ.App.—Houston, [1st Dist.] 1974, writ dism'd).

■■■ However, in addition to a partial rendition, the Supreme Court also partially affirmed the trial court's judgment. We hold that Tex.Fam.Code Ann., §§ 3.70–3.77 (Vernon Supp.1985), in no way affects the finality of a judgment rendered by an appellate court. Neither does it impart an ability on behalf of a trial court to interpret, clarify or modify a judgment of an appellate court. We now find, however, that it will allow a trial court to act with regard to that portion of its judgment not expressly addressed by an appellate court.[4]

## APPELLANT'S APPEAL

The central issue raised by the parties to this appeal concerns whether appellant is entitled to 35% of appellee's *gross* retirement benefits or whether she is only entitled to 35% of his *disposable* benefits. Appellant's first two points of error and appellee's first cross point of error all relate to this controversy.

The trial court, in entering its final decree of divorce, clearly provided that appellant was awarded a life estate in thirty-five percent (35%) of the *gross* amount of said retirement pay payable to Paul A. Cameron, Jr., each month hereafter commencing April 1, 1979.

The Supreme Court, in its opinion, set forth:

> The divorce decree, dated March 29, 1979, awards Sue Cameron "thirty-five percent (35%) of *the gross* present and future *Military Retirement* presently

being received." Sue Cameron is entitled to recover *that thirty-five percent*, but not for the period from March 29, 1979 to June 25, 1981. Therefore, we affirm that part of the trial court judgment awarding Sue Cameron thirty-five percent of the military retirement pay, but only for the period beginning after June 25, 1981. [Emphasis ours.]

*Cameron*, 641 S.W.2d at 213. However, the Court held:

> We reverse that part of the judgment of the court of civil appeals that reversed the trial court's judgment that Sue Cameron receive thirty-five percent of the military retirement pay, and *we render* judgment *awarding Sue Cameron her share of the military retirement pay* but only from June 25, 1981. [Emphasis ours.]

*Cameron*, 641 S.W.2d at 223.

Any confusion as to the effect of the Supreme Court's opinion and mandate is understandable in light of the Uniformed Services Former Spouses' Protection Act, Pub.L. No. 97–252, 96 STAT. 730 (1982), now codified in 10 U.S.C. 1408 (effective February 1, 1983), on which the Supreme Court based its opinion. This is especially true since 10 U.S.C. 1408(c)(1) provides:

> Subject to the limitations of this section, a court may treat *disposable retired or retainer pay* payable to a member for pay periods beginning after June 25, 1981, either as property solely of the member or as property of the member and his spouse in accordance with the law of the jurisdiction of such court. [Emphasis ours.]

While the Supreme Court recognized the trial court's award of a gross percentage and stated that it was *affirming* that part of the judgment awarding appellant thirty-five percent of the retirement pay, in fact, the Court *rendered* judgment awarding appellant her share of the military retirement pay. It is easy to understand why reasonable minds could differ as to what exactly

---

**4.** To hold otherwise would frustrate the clear intent of those code sections and unduly burden

our appellate courts.

is meant by "her share of the military retirement pay."

We believe that a determination as to the proper division of the military retirement benefits is important, both to the parties and to the jurisprudence of this State, however, we find that the issue was never subject to review by the trial court. To allow the trial court to address this issue would be to vest in it the power to invade the province of the Supreme Court. Further, since the trial court lacked jurisdiction to consider this issue, we also lack jurisdiction to consider the issue on appeal. *In re Marriage of Gillman,* 507 S.W.2d 610 (Tex.Civ.App.—Amarillo 1974, writ dism'd).

It is apparent from the record that the trial court has applied the Supreme Court's mandate so as to award appellant a percentage of appellee's disposable pay and not his gross pay. We conclude from the record before us that the District Clerk has taken the same position with respect to any execution proceedings. Since the Supreme Court has the exclusive power to secure, by any proper writ necessary to that end, the enjoyment of the rights established by its judgments, (*See, Crouch v. McGaw,* 134 Tex. 633, 138 S.W.2d 94 (1940); and *Bilbo,* 645 S.W.2d at 927), appellant's right of redress, if any, lies in that Court and not with either this Court or the trial court.

Appellant contends in her third and fourth points of error that the trial court abused its discretion by failing to increase her share of the military retirement benefits, from 35% to 45%.

In its final decree of divorce the trial court provided:

The Court further finds that the division set forth above is determined to be just and right only in the event that Sue A. Cameron receives the allotted share without further litigation other than a direct appeal from this judgment. Therefore, Sue A. Cameron is awarded the following further contingent interest; in the event that Paul A. Cameron, Jr., fails to comply with the division of the retirement benefits as awarded, the Court finds that it is just and right that Sue A. Cameron's portion shall be forty-five percent (45%) of the gross military retirement pay.

\* \* \* \* \* \*

Therefore, Sue A. Cameron is awarded the following further contingent interest; in the event Paul A. Cameron, Jr., fails to comply with the permanent injunction against altering, amending, or in any other manner changing the Survivor Benefit package election, as hereinabove ordered, the Court finds that it is just and right that Sue A. Cameron's portion of the Military Retirement shall be a percentage equal to forty-five percent (45%) of the gross military retirement pay.

Appellant's purported claim to this contingent increase of her share in appellee's military retirement benefits revolves around her alleged right to a percentage of appellee's gross rather than disposable retirement pay.

Appellant is asking us, just as she asked the trial court before us, to hold appellee in contempt for violating a provision over which the trial court had no jurisdiction to review. In addition, an order denying a motion to hold a party in contempt is not an appealable order. *See Blair v. Blair,* 408 S.W.2d 257 (Tex.Civ. App.—Dallas 1966, no writ); *see also Allen v. Woodward,* 111 Tex. 457, 239 S.W. 602 (1922). While this opinion should in no way be interpreted as a ratification by us of this type of contingent contempt provision,[5] we are again bound by the same jurisdictional constraints which limited review in the trial court.

Finally, in her fifth and sixth points of error, appellant asserts that the trial court erred in not awarding, to her, attorney's fees in accordance with TEX. FAM.CODE ANN. § 3.77 (Vernon Supp. 1985). This section provides:

---

**5.** Neither appellate decision addressed the propriety of these provisions on direct appeal of the divorce decree.

3.77 Costs

In any proceeding to enforce a property division as provided by this subchapter, the court may award costs as in other civil cases. Reasonable attorney's fees *may be taxed* as costs in any proceeding under this subchapter, and may be ordered paid directly to the attorney, who may enforce the order for fees in his own name by any means available for the enforcement of a judgment for debt. [Emphasis added.]

Section 3.77 provides the trial court with discretionary powers to award attorney fees in certain post-divorce proceedings. However, as in other domestic relation suits the exercise of this authority is not mandatory, and a refusal to make an award of attorney's fees is reviewable only for abuse of discretion. *See Rodriguez v. Rodriguez,* 616 S.W.2d 383 (Tex.Civ.App.—Houston [14th Dist.] 1981, no writ); *Brooks v. Brooks,* 612 S.W.2d 233 (Tex.Civ.App.—Waco 1981, no writ); *Hopkins v. Hopkins,* 540 S.W.2d 783 (Tex.Civ.App.—Corpus Christi 1976, no writ). We find that, under the facts of this case, appellant has failed to establish such an abuse.[6]

### APPELLEE'S APPEAL

Appellee in his first cross-point of error, as we have already pointed out, seeks a determination of whether appellant is entitled to recover either a percentage of his gross or only a percentage of his disposable retirement benefits. In his second cross-point of error, he alleges that the trial court erred in refusing to set aside that portion of an order entered on July 25, 1983, which would award appellant a lien against funds in the registry of the court in the amount of $1,267.35, as arrearages in payment of retirement benefits by appellee to appellant. This order was entered in response to appellant's "Motion for Contempt and Motion in Aid and Clarification of Judgment" filed on April 20, 1983.

■ By its July 25th Order, the trial court disposed of all issues before it by virtue of appellant's Motion. No timely appeal was taken of this Order and it subsequently became final. Even assuming arguendo that the complained of awards in this Order are void, appellee's exclusive remedy, at this point, is by bill of review. *See Middleton v. Murff,* 689 S.W.2d 212 (Tex.1985). Accordingly, the trial court had no jurisdiction, in this enforcement proceeding, to entertain appellee's collateral attack on the trial court's order of July 25, 1983. *See Ex parte Sutherland,* 526 S.W.2d 536 (Tex.1975).

Appellee, by his third, fourth, fifth and sixth cross-points of error, asserts that the trial court erred in refusing to declare void and unenforceable, the provisions in the final decree of divorce providing for the contingent contempt award. As we have just pointed out, appellee's exclusive remedy, if any, is by Bill of Review. *Murff,* 689 S.W.2d at 213.

### CONCLUSION

Both parties to this appeal have attempted to interject collateral matters into this appeal. The only issue before this Court is whether or not the trial court abused its discretion in entering its Order of May 3, 1984, based upon the authority granted it by virtue of §§ 3.70–3.77 of the Family Code.

In the final analysis, the only issue properly before the trial court was the determination of whether or not to award attorney's fees in a cause of action that should never have been before that court in the first place. Since the court was vested with the authority to make a determination of that issue, we find that there does exist jurisdiction in this court to consider this appeal, if only on that very narrow ground. *See In re Gillman,* 507 S.W.2d 610. Appellee's Motion to Dismiss for Lack of Jurisdiction is denied. *See Starr.*

---

6. We note that appellant, in this appeal, has tied her claim for attorney's fees to the issue of whether she is entitled to receive a share of gross or disposable retirement pay; an issue which we have no power to review.

Having determined that the trial court lacked the jurisdiction to consider the issues raised by appellant's first four points of error, as well as all of appellee's cross-points of error, we also find that we lack the jurisdiction to consider these issues. Accordingly, we strike these points of error from the parties' respective briefs.

Review of a trial court's denial of attorney's fees under § 3.77 of the Family Code is limited to abuse of discretion. Having found no such abuse to exist, appellant's fifth and sixth, and only remaining points of error are overruled.

The judgment of the trial court is AFFIRMED.