Petition for Writ of Mandamus Denied, and Motion for Stay Denied as
Moot, and Memorandum Opinion filed August 19, 2008








 

Petition
for Writ of Mandamus Denied, and Motion for Stay Denied as Moot, and Memorandum
Opinion filed August 19, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00665 -CV

____________

 

IN RE OFFICE OF THE ATTORNEY GENERAL OF TEXAS, Relator

 

 



 

ORIGINAL
PROCEEDING

WRIT OF MANDAMUS

 



 

M E M O R
A N D U M    O P I N I O N

Relator,
the Office of the Attorney General of Texas (AOAG@), obtained a child-support default
judgment against the real party in interest, Edward Bailey, Jr., and placed a
lien on Bailey=s bank account.  On July 15, 2008, the trial court[1]
set aside the default judgment and extinguished the lien.  In response, the OAG
filed this mandamus proceeding, asking that we order the trial court to vacate
the portion of its July 15 order that extinguished the child-support lien.  We
deny the petition, and further deny as moot the OAG=s accompanying motion for stay of the
July 15 order.








                                                               Background

In
January 2007, the OAG filed an original petition for current and retroactive
support of Bailey=s minor daughter F.R.B.  On October 5, 2007, the trial court
entered a default judgment ordering Bailey to pay both monthly and retroactive
support.  Armed with the default judgment, the OAG issued a notice of lien to
Bailey=s bank, seeking to levy more than
$20,000 in retroactive support.

Bailey,
upon discovering the lien, filed an original bill-of-review petition in which
he alleged that the OAG had not properly served him with process.  On July 15,
2008, the trial court ruled that Bailey was served improperly, and ordered that

the
judgment of this Court styled ADefault Order
in Suit Affecting Parent-Child Relationship,@
under Cause No. 2007-04278 dated October 5, 2007 is hereby set aside for all
purposes and the subject cause is reinstated on the trial docket for further
proceedings.  It is further ORDERED that the Notice of Lien to Financial
Institution issued by the Office of the Attorney General against [Bailey=s bank] account ... shall be and is hereby
extinguished and the Office of Attorney General [sic] shall cause said lien to be released
immediately.[2]

 

The OAG promptly filed
this mandamus proceeding to challenge the trial court=s authority to extinguish the lien.[3] 
Specifically, the OAG contends that the trial court (1) granted more relief
than Bailey requested, (2) lacked the statutory authority to extinguish the
lien, and (3) lacked the jurisdiction to order the OAG to release the lien.

                                                       Standard of Review








Mandamus
relief will lie if the relator demonstrates a clear abuse of discretion for
which there is no adequate appellate remedy.  In re AutoNation, Inc.,
228 S.W.3d 663, 667 (Tex. 2007) (orig. proceeding).  A trial court abuses its
discretion if it reaches a decision so arbitrary and unreasonable as to
constitute a clear and prejudicial error of law.  Walker v. Packer, 827
S.W.2d 833, 839 (Tex. 1992) (orig. proceeding).  That is, a clear abuse of
discretion occurs when a trial court issues a decision that lacks any basis or
reference to guiding legal principles.  Downer v. Aquamarine Operators, Inc.,
701 S.W.2d 238, 241B42 (Tex. 1985).  With respect to the resolution of factual
issues or matters committed to the trial court=s discretion, we may not substitute
our judgment for that of the trial court.  Walker, 827 S.W.2d at 839. 
However, because a trial court has no discretion in determining what the law is
or applying the law to the facts, a clear failure by the trial court to analyze
or apply the law correctly constitutes an abuse of discretion.  Id. at
840. 

                                            More Relief than Requested

The OAG=s first issue argues that the trial
court abused its discretion by granting more relief than was requested in
Bailey=s bill-of-review petition.  That is,
relator contends that Bailey=s petition requested only that the OAG be prevented from Aproceeding forward with a levy@ on the bank proceeds, but not that
the lien be extinguished.  Accordingly, the OAG asserts that the trial court
exceeded its jurisdiction by granting unrequested relief.  See Moreno v.
Moore, 897 S.W.2d 439, 442 (Tex. App.CCorpus Christi 1995, no writ); Fitzgerald
v. Rogers, 818 S.W.2d 892, 895B96 (Tex. App.CTyler 1991, orig. proceeding)
(granting mandamus relief from a discovery order that, inter alia,
exceeded the requested relief).








We
disagree with the OAG=s limited reading of Bailey=s petition.  In addition to asking
that the trial court issue a restraining order preventing the OAG from levying
his account proceeds, Bailey also requested that the default order which
underlies the OAG=s lien Abe set aside.@  By its very nature, a bill of review is a proceeding to Aset aside@ a judgment.  See Tex. R. Civ.
P. 329b(f); Garza v. Att=y Gen., 166 S.W.3d 799, 810 (Tex. App.CCorpus Christi 2005, no pet.) (AFinal judgment in a bill of review
proceeding should either deny any relief to the petitioner or grant the bill of
review and set aside the former judgment.@).  Thus, an order setting aside a
judgment likewise sets aside the relief awarded by that judgment.  See,
e.g., A.T. Lowry Toyota, Inc. v. Peters, 727 S.W.2d 307, 308 (Tex. App.CHouston [1st Dist.] 1987, no writ)
(concerning bill-of-review petition that sought to set aside default judgment
awarding monetary damages); Cook v. Cameron, 703 S.W.2d 690, 695 (Tex.
App.CCorpus Christi 1985) (expressly
noting that bill of review could be used to set aside divorce award), rev=d on other grounds, 733 S.W.2d 137 (Tex. 1987); Lee
v. Thomas, 534 S.W.2d 422, 423 (Tex. Civ. App.CWaco 1976, writ ref=d n.r.e.) (affirming order granting
bill of review that set aside previous default judgment and damages awarded
under judgment).[4]

Therefore,
the trial court=s order setting aside the judgment and extinguishing the lien
does not exceed the scope of the relief requested by Bailey.  We overrule
relator=s first issue.[5]

                                           Authority to Extinguish Lien








The OAG
contends in its second issue that the Family Code does not authorize the trial
court to extinguish a support lien.  Instead, the OAG points out that section
157.323 permits a party Ato dispute the amount of arrearages stated in the lien.@  Tex. Fam. Code Ann. ' 157.323(a) (Vernon 2002).  Because
section 157.323 does not expressly provide for extinguishment of a lien,
the OAG argues that the trial court abused its discretion by acting outside its
statutory authority.  

This
argument is misplaced.  The trial court=s authority to release the lien
derives not from the Family Code but from the authority to set aside a judgment
under Rule 329b(f).  Because the default judgment was improperly granted, the
trial court correctly set aside both the judgment and the relief awarded
pursuant to that judgment, including the support lien.

A claim
for child support may not be reduced to judgment without proper notice to the
one who is obligated to pay it.  United States v. Fleming, 565 S.W.2d
87, 90 (Tex. Civ. App.CEl Paso 1978, no writ).  Therefore, the OAG=s lawsuit to establish paternity and
order child support remains subject to the requirements of Astrict compliance@ with the rules concerning proper
citation and return of service.  See In re Z.J.W., 185 S.W.3d 906, 906
(Tex. App.CTyler 2006, no pet.).  A child-support default judgment that is
procedurally defective because of improper service, then, is void and must be
reversed.  See In re Hathcox, 981 S.W.2d 422, 426 (Tex. App.CTexarkana 1998, no pet.).  This is
because the law presumes that a trial court will hear a case, including one
involving child support, only after proper notice has been given to the
parties.  See Welborn-Hosler v. Hosler, 870 S.W.2d 323, 328 (Tex. App.CHouston [14th Dist.] 1994, no writ).








Having
found that Bailey was not afforded proper notice, the trial court acted within
its broad discretion to grant a new trial.  See Turner v. Ward, 910
S.W.2d 500, 504 (Tex. App.CEl Paso 1994, no writ) (citing Johnson v. Fourth Court of
Appeals, 700 S.W.2d 916, 918 (Tex. 1985) (orig. proceeding)).  The trial
court=s authority also extends to the granting
of a bill of review that effectively sets aside a default judgment for child
support.  See, e.g., Postell v. Tex. Dep=t of Pub. Welfare, 549 S.W.2d 425, 426, 428 (Tex. Civ.
App.CFort Worth 1977, writ ref=d n.r.e.) (overturning child-support
default judgment through motion deemed to be bill of review); see also
generally Garza, 166 S.W.3d at 806, 817(permitting father to challenge
default judgment for child support, but ultimately concluding that
bill-of-review requirements were not satisfied).

In
granting Bailey=s petition for bill of review, the trial court acted within
its authority pursuant to Rule 329b(f).  Therefore, we overrule relator=s second issue.

                               Trial Court=s Jurisdiction Over the OAG

The July
15 order granting a new trial, which expressly extinguished the support lien,
instructed the OAG to release the lien.  The OAG contends that the order
amounts to a Awrit of mandamus@ that was outside the trial court=s jurisdiction to order.  See
Tex. Gov=t Code Ann. ' 22.002(c) (Vernon 2004) (providing
that only Texas Supreme Court may issue writs of mandamus against executive
officers).  However, not every order issued by a trial court is a Awrit of mandamus,@ because the trial court possesses
both inherent authority and separate mandamus jurisdiction.  See generally
Tex. Const. art. V, ' 8 (describing district court=s writ power separately from its Aoriginal jurisdiction of all actions,
proceedings, and remedies@).  We therefore decline the invitation to construe the trial
court=s July 15 order as a Awrit of mandamus.@

A
mandamus action filed in the trial court is an Aoriginal@ proceeding.  Anderson v. City of
Seven Points, 806 S.W.2d 791, 792 n.1 (Tex. 1991); see also generally
Garrett v. Williams, 250 S.W.3d 154, 158 (Tex. App.CFort Worth 2008, no pet.) (analyzing
whether Aoriginal [mandamus] proceedings filed
in district courts@ constitute Asuits@ for purposes of CPRC chapter 14 inmate litigation).  A
district court=s mandamus jurisdiction is limited to the enforcement of its own
jurisdiction.  Tex. Gov=t Code Ann. ' 24.011 (Vernon 2004); Tex. Const. art. V, ' 8; Martinez v. Thaler, 931
S.W.2d 45, 46 (Tex. App.CHouston [14th Dist.] 1996, writ denied).  That a district
court=s mandamus jurisdiction is so
confined, however, does not similarly restrict its inherent ability to enforce
orders in a pending case in which the OAG is a litigant.








A trial
court has certain inherent power that comes to be simply by the Avery fact that the court has been
created and charged by the constitution with certain duties and
responsibilities.@  Travelers Indem. Co. of Conn. v. Mayfield, 923
S.W.2d 590, 594 (Tex. 1996) (orig. proceeding) (quoting Eichelberger v. Eichelberger,
582 S.W.2d 395, 398 (Tex. 1979)).  This inherent authority allows the trial
court to legitimately exercise its Acore functions.@  See, e.g., In re K.A.R., 171
S.W.3d 705, 714 (Tex. App.CHouston [14th Dist.] 2005, no pet.); McWhorter v. Sheller,
993 S.W.2d 781, 788B89 (Tex. App.CHouston [14th Dist.] 1999, pet. denied).  A trial court=s core functions include hearing
evidence, deciding fact issues raised by the pleadings, determining legal
questions, entering final judgment, and enforcing that judgment.  See
Trevino v. Ortega, 969 S.W.2d 950, 958 (Tex. 1998); Kutch v. Del
Mar Coll., 831 S.W.2d 506, 510 (Tex. App.CCorpus Christi 1992, no writ).  This
inherent power also vests the trial court with the authority to manage its own
docket and enforce its orders.  See K.A.R., 171 S.W.3d at 715; 3V,
Inc. v. JTS Enters., Inc., 40 S.W.3d 533, 540 (Tex. App.CHouston [14th Dist.] 2000, no pet.). 
Thus, this authority necessarily includes the trial court=s powerCwithin the plenary power, or later
through a bill of reviewCto set aside a judgment and order a new trial.  See
Tex. R. Civ. P. 329b(f); In re Burlington Coat Factory Warehouse of McAllen,
Inc., 167 S.W.3d 827, 831 (Tex. 2005) (orig. proceeding); Eichelberger,
582 S.W.2d at 398 n.1.

The
trial court=s authority to grant a new trial, set aside the relief awarded under an
improper default judgment, and order the parties to comply with the judgment,
does not depend upon the identity of the litigants who are party to the suit. 
We therefore hold that the OAG=s status as an executive officer does not exclude it from
complying with a trial court=s order when the OAG is a party to the suit.  We
overrule relator=s third issue. 

Accordingly,
we deny the petition for writ of mandamus.  Because we hold that the trial
court did not abuse its discretion, we need not decide whether relator=s appellate remedy 

 








is adequate.  We also
deny as moot relator=s motion for stay of the trial court=s July 15 order.

 

 

/s/      Jeff Brown

Justice

 

 

 

Petition Denied, and Motion for Stay
Denied as Moot, and Memorandum Opinion filed, August 19, 2008.

Panel consists of Justices Yates,
Guzman, and Brown.









            [1]           The
Hon. David Farr, presiding judge of the 312th Judicial District Court, Harris
County.





            [2]           Emphasis
added.





            [3]           Except
for the portion of the order extinguishing the lien, the OAG has not contested
the trial court=s decision to grant the bill of review and order a new
trial.





            [4]           See
also, e.g., Liptak v. Thornhill, No. 05-01-01097-CV, 2002 WL 31730926, at
*5 (Tex. App.CDallas Dec. 5, 2002, pet. denied) (not designated for
publication) (characterizing bill of review as proceeding to set aside judgment
award).





            [5]           Even
were we to hold that Bailey=s request to
set aside the judgment was insufficient to notify the OAG that it included a
request to set aside the relief awarded by the judgment, an unpleaded
issue may be tried by consent.  See Baltzer v. Medina, 240 S.W.3d 469,
476 (Tex. App.CHouston [14th Dist.] 2007, no pet.).  We note that the
hearings on Bailey=s bill of review petition were recorded, but the OAG
has not presented us with a copy of the reporter=s record(s).  It is the OAG=s
duty, as relator, to provide a sufficient record to establish its right to
mandamus relief.  See Tex. R. App. P. 52.7(a)(2); Walker, 827
S.W.2d at 837.